UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COVENTRY CAPITAL US LLC,

                      Plaintiff,

     v.

EEA LIFE SETTLEMENTS, INC., HIREN PATEL, and VINCENT PISCAER,

                      Defendants.

No. 17-cv-7417 (VM) (HBP)

**DEFENDANT HIREN PATEL'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Hiren Patel ("Patel"), by and through his undersigned attorneys, Seward & Kissel LLP, as and for his Answer to Plaintiff Coventry Capital US LLC's ("Coventry") Complaint, states and asserts defenses as follows:

**NATURE OF THE ACTION**

1. Denies the allegations of Paragraph 1, except states that Plaintiff purports that the action arises out of conduct alleged therein.

2. Denies the allegations of Paragraph 2, except admits that (1) the Fund's principal asset is a portfolio of approximately 133 life insurance policies with net death benefits of approximately $459 million; (2) the UK's Financial Services Authority issued draft guidance and commentary on traded life policy investments on November 28, 2011, after which there were withdrawals of indicated subscriptions and redemption requests above normal redemption levels; and (3) in 2014, the Fund underwent a restructuring to create Run-Off Cells and Continuing

Cells with different terms and rights, and denies knowledge or information sufficient to form a belief as to the truth of the allegations made in the last sentence of Paragraph 2.

    3.      Denies the allegations of Paragraph 3, except denies knowledge or information sufficient to form a belief as to the truth of the allegations made in the third sentence of Paragraph 3.

    4.      Denies the allegations of Paragraph 4, except admits that EEA Life Settlements, Inc. ("EEA Inc.") entered into a letter of intent dated April 27, 2017 with Coventry (the "LOI"), and respectfully refers the Court to the LOI for the contents thereof.

    5.      Denies the allegations of Paragraph 5.

    6.      Denies the allegations of Paragraph 6, and respectfully refers the Court to the LOI for the contents thereof.

    7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegation that Coventry stands ready and willing to purchase the Portfolio, states that Plaintiff purports to seek to hold Defendants accountable for certain alleged actions, and denies the remaining allegations of Paragraph 7.

## PARTIES

    8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 8.

    9.      Denies that EEA Inc.'s principal place of business is in London, England, and denies knowledge or information sufficient to form a belief as to whether EEA Inc. is a citizen of both the United Kingdom and Delaware.

    10.      Denies that he acted directly on behalf of EEA Inc. at all relevant times, and admits the remaining allegations of Paragraph 10.

11. Denies the allegations of Paragraph 11, except states that he understands Vincent Piscaer to be an Investment Advisor at EEA Fund Management Limited ("EEA UK"), a director of EEA Fund Management (Guernsey) Limited (the "Guernsey Manager"), and the Head of Alternative Investments for EEA UK, and denies knowledge or information sufficient to form a belief as to whether Mr. Piscaer is a U.K. citizen.

## JURISDICTION

12. States that the allegations of Paragraph 12 are legal conclusions to which no response is required, and to the extent that a response is required, denies the allegations of Paragraph 12.

13. States that the allegations of Paragraph 13 are legal conclusions to which no response is required, and to the extent that a response is required, admits that EEA Inc. entered into the LOI, respectfully refers the Court to the LOI for the contents thereof, and denies the remaining allegations of Paragraph 13.

14. Denies the allegations of Paragraph 14.

## VENUE

15. Denies the allegations of Paragraph 15, except that Plaintiff purports to establish venue as set forth therein.

## BACKGROUND

16. Admits the allegations of Paragraph 16 constitute commonly accepted business principles in the life insurance business, and respectfully refers the Court to *Grigsby v. Russell*, 222 U.S. 149, 156 (1911) for the contents thereof.

17. Denies the allegations of Paragraph 17, except states that the secondary market for life insurance policies can provide an alternative to the lapse or surrender of such policies,

which may, depending on the circumstances, result in a value that is a multiple of the surrender value of such policies.

18. Denies the allegations of Paragraph 18, except states that a life settlement may entitle a policyholder to the rights identified therein.

19. Denies the allegations of Paragraph 19, except states that it is commonly accepted practice for a life settlement provider to engage in transactions as described therein.

20. Denies the allegations of Paragraph 20, except states that the Fund purchased life insurance policies in the secondary market and, on information and belief, accepted investments in the Fund through November 2011.

21. Denies the allegations of Paragraph 21, except states that (1) the UK's Financial Services Authority issued draft guidance and commentary on traded life policy investments on November 28, 2011, after which there were withdrawals of indicated subscriptions and redemption requests above normal redemption levels; and (2) in 2014, the Fund underwent a restructuring to create Run-Off Cells and Continuing Cells with different terms and rights, and denies knowledge or information sufficient to form a belief as to the truth of the allegations made in the last sentence of Paragraph 21.

22. Denies the allegations of Paragraph 22, except states that approximately $55 million in fees were paid, and respectfully refers the Court to the Ernst & Young report referenced therein, and announcements to investors, for the contents thereof, and denies knowledge or information sufficient to form a belief as to the reasons for Ernst & Young's purported actions.

23. Denies the allegations of the first and second sentences of Paragraph 23 except states that (i) the Fund has been restructured and (ii) following that restructuring, certain share

classes are subject to restrictions on redemptions, that he is aware of threats of legal action that have been made by certain investors in the Fund, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 23.

24. Denies the allegations of Paragraph 24.

25. Denies the allegations of Paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 26.

27. Denies the allegations of Paragraph 27, except states that Coventry and EEA Inc. entered into the LOI and respectfully refers the Court to the LOI for the contents thereof.

28. Denies the allegations of Paragraph 28, except respectfully refers the Court to the LOI for the contents thereof.

29. Denies the allegations of Paragraph 29, except respectfully refers the Court to the LOI for the contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the allegations made in the first two sentences of Paragraph 29.

30. Denies the allegations of Paragraph 30, except denies knowledge or information sufficient to form a belief as to the truth of allegations made concerning the referenced email communication, and respectfully refers the Court to the referenced email for the contents thereof.

31. Denies the allegations of Paragraph 31, except states that he engaged in discussions with Coventry, in good faith, to try to reach a Definitive Agreement during the referenced time period, that the allegations do not fully describe, or place into proper context, the referenced discussions, that the discussions included the subject of valuation, and respectfully refers the Court to the referenced emails for the contents thereof.

32. Denies the allegations of Paragraph 32, except states that he engaged in discussions with Coventry, in good faith, to try to reach a Definitive Agreement, that the discussions included the subject of valuation, and that the allegations do not fully describe, or place into proper context, the referenced discussions.

33. Denies the allegations of Paragraph 33, except denies knowledge or information sufficient to form a belief as to the truth of the allegations made concerning Coventry's alleged suspicions, states that he engaged in discussions with Coventry, in good faith, to try to reach a Definitive Agreement during the referenced time period, that the discussions included the subject of valuation, and that the allegations do not fully describe, or place into proper context, the referenced discussions, and respectfully refers the Court to the referenced emails for the contents thereof.

34. Denies the allegations of Paragraph 34, except states that he engaged in discussions with Coventry, in good faith, to try to reach a Definitive Agreement during the referenced time period, that the discussions included valuation issues, and that the allegations do not fully describe, or place into proper context, the referenced discussions, and respectfully refers the Court to the referenced emails for the contents thereof.

35. Denies the allegations of Paragraph 35, except denies knowledge or information sufficient to form a belief as to the truth of allegations made concerning the referenced emails, and respectfully refers the Court to the referenced emails for the contents thereof.

36. Denies the allegations of Paragraph 36, except denies knowledge or information sufficient to form a belief as to the truth of allegations made concerning the referenced emails, and respectfully refers the Court to the referenced emails for the contents thereof.

37. Denies the allegations of Paragraph 37.

38. Denies the allegations of Paragraph 38, except denies knowledge or information sufficient to form a belief as to the truth of allegations made concerning: (i) what Coventry believed; and (ii) the referenced emails, to which he respectfully refers the Court for the contents thereof.

39. Denies the allegations of Paragraph 39, except denies knowledge or information sufficient to form a belief as to the truth of allegations made concerning the referenced communication.

40. Denies the allegations of Paragraph 40, except respectfully refers the Court to the LOI for the contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the allegations made concerning what Coventry purports to have learned about certain policies included in the Portfolio.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 42.

43. Denies the allegations of Paragraph 43, except respectfully refers the Court to the referenced emails for the contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the allegations made in the third sentence of Paragraph 43.

44. Denies the allegations of Paragraph 44, except respectfully refers the Court to the LOI for the contents thereof, denies knowledge or information sufficient to form a belief as to the truth of allegations made concerning the referenced email, and respectfully refers the Court to the referenced email for the contents thereof.

45. Denies the allegations of Paragraph 45, except respectfully refers the Court to the LOI for the contents thereof.

46. Denies the allegations of Paragraph 46, except respectfully refers the Court to the LOI for the contents thereof.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 47, except denies that there was a breach of contract.

48. Denies the allegations of Paragraph 48, except respectfully refers the Court to the LOI and the referenced email for the contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the allegations made concerning the referenced communications.

49. Denies the allegations of Paragraph 49.

50. Denies the allegations of Paragraph 50, except states that discussions took place concerning the execution of a Definitive Agreement during the referenced time period under the threat of litigation by Coventry, and respectfully refers the Court to the referenced emails for the contents thereof.

51. Denies the allegations of Paragraph 51, except states that he and Piscaer, among others, suggested conditions for any future transaction, including but not limited to a sale to Coventry, and that the allegations do not fully describe, or place into proper context, the referenced discussions.

52. Denies the allegations of Paragraph 52.

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract – Against EEA Inc.)

53. With respect to Paragraph 53, incorporates his responses to Paragraphs 1 through 52 as though fully set forth herein.

54. States that the allegations of Paragraph 54 are not directed to him and are legal conclusions to which no response is required, and to the extent a response is required, denies that the LOI, in whole, constitutes a valid and enforceable contract between Coventry and EEA Inc., and admits that the LOI was a preliminary agreement with non-binding and binding provisions.

55. States that the allegations of Paragraph 55 are not directed to him and are legal conclusions to which no response is required, and to the extent that a response is required, denies the allegations of Paragraph 55.

56. States that the allegations of Paragraph 56 are not directed to him and are legal conclusions to which no response is required, and to the extent that a response is required, admits the existence of the LOI and respectfully refers the Court to the LOI for the contents thereof, and denies the remaining allegations of Paragraph 56.

57. States that the allegations of Paragraph 57 are not directed to him and are legal conclusions to which no response is required, and to the extent that a response is required, denies the allegations of Paragraph 57.

58. States that the allegations of Paragraph 58 are not directed to him and are legal conclusions to which no response is required, and to the extent that a response is required, denies the allegations of Paragraph 58.

59. States that the allegations of Paragraph 59 are not directed to him and are legal conclusions to which no response is required, and to the extent that a response is required, admits the existence of the LOI and respectfully refers the Court to the LOI for the contents thereof, and denies knowledge or information sufficient to form a belief about the remaining allegations made in Paragraph 59.

## COUNT II
### (Fraud/Intentional Misrepresentation – Against All Defendants)

60. With respect to Paragraph 60, incorporates his responses to Paragraphs 1 through 59 as though fully set forth herein.

61. Denies the allegations of Paragraph 61.

62. Denies the allegations of Paragraph 62, except denies knowledge or information sufficient to form a belief as to the truth of allegations made concerning the referenced communications.

63. Denies the allegations of Paragraph 63, except states that he engaged in discussions with Coventry, in good faith, during the referenced time period to try to reach a Definitive Agreement, that the discussions included the subject of valuation, and that the allegations do not fully describe, or place into proper context, the referenced discussions.

64. Denies the allegations of Paragraph 64, except respectfully refers the Court to the LOI for the contents thereof.

65. Denies the allegations of Paragraph 65, except denies knowledge or information sufficient to form a belief as to the truth of allegations made concerning the referenced emails, and respectfully refers the Court to the referenced emails for the contents thereof.

66. Denies the allegations of Paragraph 66, except denies knowledge or information sufficient to form a belief as to the truth of allegations made concerning the referenced emails, and respectfully refers the Court to the referenced emails for the contents thereof.

67. Denies the allegations of Paragraph 67, except states that he and Piscaer, among others, suggested conditions for any future transaction, including but not limited to a sale to Coventry, and that the allegations do not fully describe, or place into proper context, the referenced discussions.

68. Denies the allegations of Paragraph 68.

69. States that the allegations of Paragraph 69 are legal conclusions to which no response is required, and to the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations made concerning costs incurred by Coventry, and denies the remaining allegations of Paragraph 69.

70. States that the allegations of Paragraph 70 are legal conclusions to which no response is required, and to the extent that a response is required, denies the allegations of Paragraph 70.

## COUNT III
**(Aiding and Abetting Fraud/Intentional Misrepresentation – Against Patel and Piscaer)**

71. With respect to Paragraph 71, incorporates his responses to Paragraphs 1 through 70 as though fully set forth herein.

72. Denies the allegations of Paragraph 72.

73. Denies the allegations of Paragraph 73, except states that he was involved, on behalf of the Guernsey Manager, in the negotiation of the LOI and in trying to reach a Definitive Agreement.

74. Denies the allegations of Paragraph 74, except states he engaged in discussions with Coventry, in good faith, during the referenced time period to try to reach a Definitive Agreement, that discussions included the subject of a retention portfolio and valuation, and that the allegations do not fully describe, or place into proper context, the referenced discussions.

75. Denies the allegations of Paragraph 75.

76. States that the allegations of Paragraph 76 are legal conclusions to which no response is required, and to the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations made concerning costs incurred by Coventry, and denies the remaining allegations of Paragraph 76.

77. States that the allegations of Paragraph 77 are legal conclusions to which no response is required, and to the extent that a response is required, denies the allegations of Paragraph 77.

**AFFIRMATIVE DEFENSES**

78. Without prejudice to the denials set forth in his Answer, without admitting any averments of the Complaint not specifically admitted, and without undertaking any of the burdens imposed by law on the Plaintiff, Patel avers and asserts the following defenses to the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

79. Plaintiff's claims must be dismissed against Patel for lack of personal jurisdiction.

**SECOND AFFIRMATIVE DEFENSE**

80. Plaintiff fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

81. Part or all of the damages sought by Plaintiff may not be recovered under applicable law, because Coventry's damages, if any, would be limited to out-of-pocket costs incurred in negotiating the LOI between EEA Inc. and Coventry, dated April 27, 2017.

### FOURTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred under the doctrine of unclean hands due to its own bad faith conduct.

### FIFTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred under the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims are barred because it has not and will not suffer any damages as a result of any alleged acts or omissions by Patel.

### SEVENTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims should be barred or reduced by virtue of its failure to mitigate its damages, as it could have pursued the purchase of policies from other companies in the life settlement field.

## **EIGHTH AFFIRMATIVE DEFENSE**

86. At all relevant times, Patel was acting on behalf of the Guernsey Manager, and as such, cannot be personally liable for the conduct alleged in this action.

New York, New York
April 20, 2018                                      SEWARD & KISSEL LLP

                                       */s/ Mark J. Hyland*

Mark J. Hyland
Michael W. Broz
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421
Email: hyland@sewkis.com
          broz@sewkis.com

*Counsel for Defendant Hiren Patel*

SK 21724 0169 7867953