IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COVENTRY CAPITAL US LLC, <br><br> Plaintiff, <br><br> v. <br><br> EEA LIFE SETTLEMENTS, INC., HIREN PATEL, and VINCENT PISCAER, <br><br> Defendants. | No. 17-cv-07417-VM-HBP |

## ANSWER AND AFFIRMATIVE DEFENSES OF PLAINTIFF COVENTRY CAPITAL US LLC TO COUNTERCLAIM BY DEFENDANT EEA LIFE SETTLEMENTS, INC.

Plaintiff and Counter-Defendant, Coventry Capital US LLC ("Coventry Capital"), by its undersigned counsel, hereby files this Answer to the Counterclaim ("Counterclaim") filed by Defendant and Counter-Plaintiff EEA Life Settlements, Inc. ("EEA, Inc.").

### NATURE OF THE ACTION

1. Coventry Capital denies the allegations in Paragraph 1.

2. Coventry Capital denies the allegation that it breached the April 27, 2017 agreement (the "Contract") and that EEA, Inc. is entitled to any of the listed relief.

### PARTIES

3. Coventry Capital admits the allegations in Paragraph 3, with the exception that EEA, Inc. has its principal place of business in London, England and is therefore also a citizen of the United Kingdom.

4. Coventry Capital admits the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. Coventry Capital admits the allegations in Paragraph 5.

6. Coventry Capital admits the allegations in Paragraph 6.

7. Coventry Capital admits the allegations in Paragraph 7.

## BACKGROUND

8. Coventry Capital denies the allegation in Paragraph 8 that it entered into an "LOI" with EEA, Inc.; the terminology "letter of intent" is not used in the Contract, which is instead referred to as a "letter agreement." Coventry further denies that Paragraph 8's characterization of the terms of the agreement are complete or accurate. To the extent not expressly addressed above, the allegations of paragraph 8 are denied.

9. Coventry Capital denies the allegations in Paragraph 9 to the extent they purport to characterize the contents of a writing, as the document speaks for itself. Further, EEA, Inc.'s characterization of the Contract as an "LOI" is denied; the terminology "letter of intent" is not used in the Contract, which is instead referred to as a "letter agreement." To the extent not expressly addressed above, the allegations of paragraph 9 are denied.

10. Coventry Capital admits that the Contract imposed legally binding and enforceable obligations on the parties, among which was the obligation to negotiate the terms and conditions of a Definitive Agreement in good faith. To the extent not expressly admitted, Coventry Capital otherwise denies the allegations and characterizations in Paragraph 10.

11. Coventry Capital admits that the parties agreed to extend the Exclusivity Period to August 9, 2017. To the extent not expressly admitted, Coventry Capital otherwise denies the allegations and characterizations in Paragraph 11.

12. Coventry Capital admits the allegations in Paragraph 12, with the exception that EEA, Inc.'s characterization of the Contract as an "LOI" is denied; the terminology "letter of intent" is not used in the Contract, which is instead referred to as a "letter agreement."

13. Coventry Capital denies the allegations in Paragraph 13.

14. Coventry Capital denies the allegations in Paragraph 14.

15. Coventry Capital denies the allegations in Paragraph 15.

16. Coventry Capital denies the allegations in Paragraph 16.

17. Coventry Capital denies the allegations in Paragraph 17.

## COUNT I
### (Breach of Contract)

18. Coventry Capital incorporates by reference its responses to the foregoing paragraphs as if set forth in full herein.

19. Coventry Capital admits the allegation in Paragraph 19, with the exception that EEA, Inc.'s characterization of the Contract as an "LOI" is denied; the terminology "letter of intent" is not used in the Contract, which is instead referred to as a "letter agreement."

20. Coventry Capital denies the allegations in Paragraph 20.

21. Coventry Capital denies the allegations in Paragraph 21

22. Coventry Capital denies the allegations in Paragraph 22.

23. Coventry Capital denies the allegations in Paragraph 23.

## PRAYER FOR RELIEF

Coventry Capital denies that EEA, Inc. is entitled to judgment in its favor on its Counterclaim and that EEA, Inc. is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Coventry Capital sets forth the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Counter-Plaintiff. Coventry Capital also reserves the right to assert any additional defenses that may become applicable during the course of this litigation.

### FIRST AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims are barred because its own conduct prevented or otherwise hindered Coventry's performance under relevant agreements.

### THIRD AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims are barred by its unclean hands, wrongful conduct, and the doctrine of *in pari delicto*.

### FOURTH AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Counter-Plaintiff's asserted damages are barred, in whole or in part, because the alleged damages, if any, are too remote and/or speculative.

### SEVENTH AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims are barred in whole or in part by a superseding and/or intervening cause.

### EIGHTH AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims are barred in whole or in part by its own breaches of the Contract.

### NINTH AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims are barred for failure to mitigate any injuries or harm it allegedly sustained or suffered.

### TENTH AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims are barred by ratification.

Dated:  May 11, 2018                         WILLIAMS & CONNOLLY LLP

/s/ Kenneth J. Brown
Kenneth J. Brown (*pro hac vice*)
William P. Ashworth (*pro hac vice*)
Tanya M. Abrams (*pro hac vice*)
Benjamin N. Hazelwood (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street N.W.
Washington, D.C. 20005
(202) 434-5000

For Matters in New York:
WILLIAMS & CONNOLLY LLP
650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Plaintiff*