# ALSTON & BIRD

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/18
```

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

Karl Geercken                    Direct Dial: 212-210-9471                    Email: karl.geercken@alston.com

September 26, 2018

VIA FACSIMILE

The Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

Re: *Coventry Capital v. EEA Life Settlements Inc.*, No. 17-cv-07417

Dear Judge Marrero:

We write on behalf of Defendant EEA Life Settlements, Inc. ("EEA Inc.") with regard to EEA Inc.'s enclosed September 26, 2018 letter (the "Letter") opposing Plaintiff Coventry Capital US LLC's ("Coventry") September 21, 2018 letter requesting a pre-motion conference concerning Coventry's motion for a preliminary injunction.

The Letter contains references to certain factual matters and exhibits that have been designated "Confidential" pursuant to the Court's March 14, 2018 Protective Order. *See* Dkt. No. 45. As such, EEA Inc. has provided a redacted version of the Letter for public filing. An unredacted version has also been sent to chambers, along with a copy of the accompanying exhibits. Accordingly, EEA Inc. respectfully requests that only the redacted version of the Letter be placed on the public docket.

Respectfully submitted,

/s/ Karl Geercken

Karl Geercken

Enclosures

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Defendant EEA Inc.
>
> SO ORDERED. The Clerk of Court is directed to enter the redacted letter attached into the public record of this case.
>
> DATE 9-28-18   VICTOR MARRERO, U.S.D.J.

cc:     Counsel of Record

Alston & Bird LLP                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

Karl Gaercken           Direct Dial: 212-210-9471           Email: karl.geercken@alston.com

September 26, 2018

VIA FACSIMILE

The Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

Re: *Coventry Capital v. EEA Life Settlements Inc.*, No. 17-cv-07417

Dear Judge Marrero:

We represent Defendant EEA Life Settlements, Inc. ("EEA Inc.") in the above referenced matter and write in opposition to Plaintiff Coventry Capital US LLC's ("Coventry") September 21, 2018 letter requesting a pre-motion conference concerning Coventry's motion for a preliminary injunction.

### I. EEA Inc. Should Not Be Enjoined From Selling The Portfolio.

To obtain a preliminary injunction, the moving party must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir.2004). Indeed, this Court has repeatedly held that "preliminary injunctions are 'one of the most drastic tools in the arsenal of judicial remedies,' and must be used with great care." *AFA Dispensing Grp. v. Anheuser-Busch Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) (Marrero, J.). Coventry cannot make a showing of any of these elements.

#### A. The Sale Of The Portfolio Will Not Irreparably Harm Coventry.

A finding of irreparable harm is "the 'single most important prerequisite' for an issuance of a preliminary injunction." *Verzani v. Costco Wholesale Corp.*, 387 F. App'x 50, 51 (2d Cir. 2010) (citation omitted). To make a showing of irreparable harm, "the moving party must demonstrate that, absent a preliminary injunction, it will suffer 'an injury that is neither remote nor speculative, but actual and imminent,'[1] and one that cannot be redressed through a monetary award." *AFA Dispensing Grp.*, 740 F. Supp. 2d at 472.

---

[1] Any harm that Coventry may face absent a preliminary injunction is far from "imminent," as no contract of sale of the Portfolio has been entered into. Likewise, at the time the Complaint was filed, no sale contract had been entered

Alston & Bird LLP           www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Los Angeles | New York | Research Triangle | San Francisco | Silicon Valley | Washington, D.C.

Page 2

First, any damage that Coventry could purportedly suffer can be readily remedied by money damages.  This Court has held, under similar circumstances, that where a party submits a potential damage calculation stemming from losses related to a portfolio of investment options, there was no irreparable injury since it was possible to calculate money damages. *See First Lincoln Holdings, Inc. v. Equitable Life Assurance Soc'y*, 164 F. Supp. 2d 383, 392 (S.D.N.Y. 2001), *aff'd sub nom. First Lincoln Holdings, Inc. v. Equitable Life Assurance Soc'y of U.S.*, 43 F. App'x 462 (2d Cir. 2002). As is the case here, "clearly money damages would fully compensate [plaintiff] for [defendant's] past failures [and] absent a demonstration that these damages are inadequate, injunctive relief is inappropriate."[2] *Reuben H. Donnelley Corp. v. Mark I Mkt. Corp.*, 893 F.Supp. 285, 293 (S.D.N.Y.1995).[3]

Second, Coventry's blanket statement that EEA Inc. will quickly dissipate the proceeds from any sale of the Portfolio as a way to somehow frustrate any judgment has no basis in fact or the record. Indeed, sufficient proceeds generated from the sale of the Portfolio would be available in the event of a judgment against EEA Inc.[4] Notably, Coventry does not cite any evidence to support this baseless assertion (because it cannot), as required by its own authorities.[5] *See Bank of Am., N.A. v. Won Sam Yi*, 294 F. Supp. 3d 62, 80 (W.D.N.Y. 2018) ("A preliminary injunction may issue to preserve assets as security for a potential monetary judgment *where the evidence shows* that a party intends to frustrate any judgment on the merits by making it uncollectable.") (internal citations omitted) (emphasis added).

Finally, the LOI cannot be the basis for a finding of irreparable harm. The LOI simply uses permissive (rather than mandatory) language, stating that a breach of the Binding Provisions of

---

into, and Coventry was at liberty to file the instant application. Thus, if Coventry truly apprehended irreparable harm in the event of a sale, it should have made its application at the outset of this proceeding.

[2] Indeed, none of the cases Coventry relies on in support of its claim that it will suffer irreparable harm have any bearing on this case as they do not involve assets with a value that is readily quantifiable.

[3] Coventry contends that "the Portfolio is of a type and size that rarely becomes available in the market." *See* Ltr. at 2. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thus, the size of the Portfolio is irrelevant.

[4] In *Patriarch Partners Agency Servs., LLC v. Zohar CDO 2003-1*, this Court recently held that where "[plaintiff] have not made a "clear showing" that [defendant] could not satisfy a money judgment after trial," there was no showing of irreparable harm to warrant a preliminary injunction. 292 F. Supp. 3d 601, 603 (S.D.N.Y. 2017) (Marrero, J.). EEA Inc. is prepared to submit a declaration on this issue if needed as part of motion briefing.

[5] Coventry suggests that EEA Inc. has not been forthcoming in discovery. This is incorrect. To date, EEA Inc. has produced the responsive documents in its possession, custody or control. And the entity managing the Portfolio for it in the U.S., ViaSource Funding Group, LLC ("ViaSource"), has likewise already produced documents in response to a subpoena. Together, EEA Inc. and ViaSource have produced 1,927 documents. By way of comparison, Coventry has also produced 1,927 documents.

Page 3

the LOI "*may* result in irreparable harm to the other that cannot be adequately relieved by money damages alone." Dkt. 31.1 ("LOI") ¶ II.10 (emphasis added). [6] Even if, *arguendo*, the LOI provided for per se irreparable harm (which it does not), it is well-settled in the Second Circuit that "contractual language declaring money damages inadequate in the event of a breach *does not* control the question whether preliminary injunctive relief is appropriate." *Baker's Aid v. Hussmann Foodservice Co.*, 830 F.2d 13, 16 (2d Cir. 1987) (emphasis added). "A conclusory contract provision alone cannot establish irreparable harm.... [T]he Court must perform a standard inquiry into the existence of irreparable injury and simply use the contractual provision as one factor in its assessment." *Ardis Health, LLC v. Nankivell*, No. 11 CIV. 5013 NRB, 2011 WL 4965172, at *3 (S.D.N.Y. 2011).

### B. Coventry Is Unlikely To Succeed On The Merits.

Coventry's allegations that EEA Inc. acted in bad faith while negotiating a potential sale with Coventry remain unsupported and, in many cases, belied by the documents. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The instant application is just another example of this ongoing conduct.



▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; Dkt. 31.1 ¶¶ I.2, I.3. Thus, as contemplated by the LOI, EEA Inc. negotiated these essential terms in good faith, with an obligation to sell the Portfolio *only if* both parties both agreed to those terms. *See* Dkt. 31.1 ¶ II.2. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Not only is Coventry's breach of contract claim without merit, but so too is its fraud claim. Coventry's fraud claim is predicated on the false notion that EEA Inc. created a "sham" deal with no intent to sell the Portfolio. *See* Compl. ¶¶ 25, 62. The mere fact that EEA Inc. is soliciting bids on the Portfolio for an eventual sale (and has indeed received one from an affiliate of Coventry) puts the lie to this allegation.

### C. The Balance Of Hardships And Public Interest Weighs In EEA Inc.'s Favor.

The balance of hardships tips decidedly in EEA Inc.'s favor because there is no indication that Coventry will suffer irreparable harm should the sale go forward. In contrast, EEA Inc. will suffer immediate and significant harm by not being able to consummate a favorable transaction.

We appreciate the Court's attention to these matters and are prepared to address them further at the Court's convenience.

---

[6] Coventry's sole authority on this point, *Mercer Health & Benefits LLC v. DiGregorio*, is wholly distinguishable, as *Mercer* involved a mandatory contractual provision that stated that "irreparable injury *will* result to [Mercer] in the event of a breach by the Employee of his/her obligations under this Agreement..." 307 F. Supp. 3d 326, 348 (S.D.N.Y. 2018) (emphasis added).

Page 4

Respectfully submitted,

Karl Geercken

Enclosures

cc:    Counsel of Record