LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KENNETH J. BROWN
(202) 434-5818
kbrown@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 11, 2018

**VIA ECF**

The Honorable Henry Pitman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:   *Coventry Capital US LLC v. EEA Life Settlements, Inc., et al.*,
>        **Civil Action No. 1:17-cv-07417-VM-HBP**

Dear Judge Pitman:

I write on behalf of Plaintiff Coventry Capital US LLC ("Coventry Capital") regarding the schedule in this case. By way of background, discovery in this matter has been stalled by Defendants' refusal to produce relevant documents within their possession, custody, or control that are nominally held by their UK and Guernsey affiliates. This includes the business emails of Messrs. Patel and Piscaer. In light of this obstruction, Coventry Capital moved for sanctions against Messrs. Patel and Piscaer, and to compel Defendant EEA Life Settlements, Inc. ("EEA, Inc.") to produce documents within its possession, custody, or control. *See* Dkt. No. 66. Following a decision on those motions, Coventry Capital may also renew its February 8, 2018 motion to compel, as contemplated in the Court's March 29, 2018 order.

Meanwhile, in September 2018, Coventry Capital learned that EEA, Inc. was offering for sale the entire portfolio of life insurance policies that are the subject of this case. Coventry Capital therefore moved for a preliminary injunction. That motion was held in abeyance while the parties explored the possibility of settling this case. As set forth in Coventry Capital's December 7, 2018 letter to Judge Marrero, however, Defendants have refused Coventry Capital's repeated requests for basic, updated information about the underlying portfolio of life insurance policies—the composition and economics of which have changed materially since the parties' dealings in 2017—as would be necessary to allow substantive settlement discussions to begin. On December 7, 2018, Coventry Capital informed Judge Marrero that further requests would not be productive.

Hon. Henry Pitman
December 11, 2018
Page 2

Coventry Capital has consistently maintained its desire to move this case forward as quickly as possible. The unresolved disputes concerning the scope of discovery in this matter, however, preclude the parties from proceeding with document discovery or depositions. Coventry Capital therefore reluctantly proposes an extension of the current schedule, as follows:

| Event | Current Date[1] | Proposed Date |
|---|---|---|
| Requests for Admission to be served | December 17, 2018 | April 15, 2019 |
| Close of fact discovery | January 15, 2019 | May 15, 2019 |
| Expert reports due (for party bearing the burden of proof) | February 26, 2019 | June 24, 2019 |
| Rebuttal expert reports | March 26, 2019 | July 24, 2019 |
| Close of expert discovery | April 26, 2019 | August 26, 2019 |
| Deadline for parties to attend settlement conference | May 6, 2019 | September 13, 2019 |

Coventry Capital has attempted to confer with counsel for Defendants concerning this revised schedule, but counsel has not been able to respond by the time of this letter. In light of the upcoming December 17, 2018 deadline for the service of Requests for Admission, Coventry Capital submits its proposed schedule for the Court's consideration now, with the hope that the parties will be able to agree on all of the new deadlines proposed above. We appreciate your attention to these matters and will be prepared to address them further, if helpful, at the Court's convenience.

Respectfully submitted,

Kenneth J. Brown

cc:   Counsel of Record

---

[1] *See* Dkt. No. 78 (Aug. 3, 2018 Order).