LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KENNETH J. BROWN
(202) 434-5818
kbrown@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 13, 2018

### VIA FACSIMILE (212) 805-6382

The Honorable Victor Marrero
United States District Judge
500 Pearl Street, Suite 1040
New York, NY 10007

    Re:    *Coventry Capital v. EEA*, No. 17-cv-07417(VM)(HBP)

Dear Judge Marrero:

    I write on behalf of Plaintiff Coventry Capital US LLC ("Coventry") in response to Defendants' letter of December 12 (the "Letter"). Although Coventry fully understands that the Court has no interest in becoming immersed in a tit-for-tat among the parties, the suggestion that Coventry acted improperly—by stating that Defendants refused to provide updated information about the underlying portfolio of life insurance policies and the insureds thereunder—demands a brief response. Defendants claim that this statement inappropriately reveals protected settlement communications. That is incorrect, as no substantive settlement discussions ever occurred. Coventry did not disclose any settlement offer made by any party (as no such offer was made), and did not discuss any comment or communication about the merits of this litigation. Instead, Coventry described its request for information necessary to begin meaningful settlement discussions, and Defendants' refusal to provide *any* updated information about the portfolio and insureds, which prevented such discussions from beginning. Notably, Defendants do not dispute any of this, choosing instead to dismiss Coventry's informational request as a demand for "special treatment."

    Defendants' letter also distorts the record. It is true that Coventry initially requested information about competing bids. But when Defendants balked at that request, Coventry specifically excluded competing bids from the list of information it requested. Defendants denied this subsequent request as well, and continued to decline to provide any updated information. Defendants also describe "other bidders, including an affiliate of Coventry." Letter at 1. It is true that an affiliate of Coventry received some information as part of EEA's attempted auction of the portfolio. That affiliate did not submit a bid, however, due in part to the fact that updated medical, life expectancy, and other information was not provided.

    Nor did Coventry "protest[] in its preliminary injunction motion and throughout this litigation" that it wanted to bid on the Portfolio as a means of resolving this case. Letter at 1.

Hon. Victor Marrero
December 13, 2018
Page 2

Coventry bargained for the exclusive right "to negotiate the terms and conditions of the Definitive Agreement [for the purchase of the portfolio] in good faith." Contract ¶ II.2. It has incurred various harms as a result of Defendants' fraud and breach of that binding contractual obligation, see Compl. (Dkt. 31) ¶¶ 57-59, 70, 77 & pp.28-29, and the ability to participate in a public auction for those same policies is not remotely adequate compensation for those harms.

Ultimately, regardless of the reasons, the parties agree that further discussions would not be productive, and that the Court should now rule on Coventry's pending motion for a preliminary injunction.

We appreciate the Court's continued attention to this matter.

Respectfully submitted,

*Kenneth J. Brown*

Kenneth J. Brown

cc:    Counsel of record (by email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by _plaintiff_.

SO ORDERED.

12-13-18
DATE         VICTOR MARRERO, U.S.D.J.