# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA

NEW YORK, NEW YORK 10004

MARK J. HYLAND
PARTNER
(212) 574-1541
hyland@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

December 14, 2018

**VIA ECF**

Honorable Henry B. Pitman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Coventry Capital US LLC v. EEA Life Settlements, Inc., et al.*,
            No. 17-cv-7417 (VM) (HBP)

Dear Judge Pitman:

      We represent Defendants Vincent Piscaer and Hiren Patel in this action and respond to the letter of Mr. Brown dated December 11, 2018 (Dkt. No. 93) on behalf of Coventry Capital US LLC ("Coventry").

      Mr. Brown claims to "write on behalf of [Coventry] regarding the schedule in this case," but he does not disclose that Coventry never consulted us directly about the schedule. We first learned of Coventry's proposed amended schedule not from Coventry, but by email from counsel for Defendant EEA Life Settlements, Inc. ("EEA Inc.") on the afternoon of December 10, who passed along Coventry's proposal. Naturally, we wished to consult with our clients regarding a proposed schedule that drags out dates more than nine months away, with trial sometime indefinitely in the future – especially given that Messrs. Piscaer and Patel have consistently urged a speedy completion of this case.

December 14, 2018
Page 2

With the next pre-trial deadline days away – requests for admissions due on

December 17, hardly an immovable milestone – Coventry unilaterally proposed a schedule

delaying this case four more months.  We respectfully submit that the prudent course would be

for the parties to await Judge Marrero's ruling on Coventry's preliminary injunction motion

(Dkt. Nos. 84, 85, 87) and Your Honor's ruling on outstanding discovery issues (Dkt. Nos. 66,

70, 75), and then to confer on an appropriate schedule given the contours of the case as shaped

by those decisions.

Unfortunately, the balance of Mr. Brown's letter is a continuation of Coventry's

strategy of engaging in name-calling at every turn, having nothing to do with the schedule.  But

of course Mr. Brown did not write principally to propose a schedule in good faith, but rather to

launch an uninvited and misleading screed against the Defendants, the latest volley in Coventry's

relentless campaign of casting unjustified aspersions against Messrs. Piscaer and Patel,

individuals who have no business being in this case.  Unburdened by any regard for proper

procedure or simple fairness, Coventry essentially presents a sur-reply on the motion argued

before Your Honor on August 14, 2018, currently *sub judice*, alleging Messrs. Piscaer's and

Patel's purported "refusal" to produce documents "nominally held" by foreign EEA entities –

then pointlessly reminds the Court that Coventry moved for sanctions against our clients

regarding Defendants' supposed "obstruction."  The hyperbole is reminiscent of oral argument

on the motion, where Coventry littered the record with accusations that "the fix was in"

regarding the production of documents and declined, more than once, to walk back such

irresponsible accusations when the Court invited it to do so.  *See* Dkt. No. 82, Hr'g Tr. generally

pp. 23-32; 23:25 (W. Ashworth: "[T]he fix was in on these emails."); 24:21-25 (The Court:

"[P]resumably if there was documentary evidence suggesting that a fix was in, you would have

December 14, 2018
Page 3

attached it to the June 12th letter. So where's the documentary evidence between the defendants and the U.K. entities that demonstrate that the fix was in?"); 26:8-9, 12-14 (The Court: "To say the fix was in is really very, very strong language… and that's language that should not be used without affirmative evidence demonstrating that the fix was in."); 32:3-4, 8-9 (The Court: "You're still sticking by the position the fix was in?" W. Ashworth: "I am sticking by that position, Your Honor."). Not content with these gratuitous cheap shots, Mr. Brown repeats Coventry's improper mischaracterization of the parties' settlement discussions that infected its December 7 letter to Judge Marrero (Dkt. No. 92) – all in an effort to poison the well against the Defendants, as noted in the Defendants' joint December 12 letter to Judge Marrero (Dkt. No. 94). Such commentary is entirely unnecessary (and therefore all the more improper) in the context of a letter to Your Honor ostensibly about the litigation timetable.

Coventry then pays lip service to "its desire to move this case forward as quickly as possible." In truth, Coventry has shown itself willing to drag out this litigation as long as it is a useful cudgel with which to gain leverage over EEA Inc. in any potential sale of the Portfolio – and to frustrate a sale to any other bidder. It is Messrs. Piscaer and Patel who are more eager than anyone to resolve this litigation, which has unjustly tarnished their professional reputations – personally – with baseless fraud claims, and has hung over their heads – personally – for the past 15 months, all in a case where they do not reside in New York, have no offices or assets here, did not visit New York in respect of any of the matters referenced in the Complaint, and at all times simply acted in their capacities as employees.

Messrs. Piscaer and Patel have grown weary of dealing with a party whose game plan, when it wants its way, is to play the victim, distort the record, and seek sanctions. We trust that the Court will see through this facade. As I emphasized at oral argument on August 14,

December 14, 2018
Page 4

Messrs. Piscaer and Patel are most anxious to have this action speedily proceed so they can

renew their motion to dismiss for, among other things, lack of personal jurisdiction (their initial

motion having been denied pending discovery on this issue).

Respectfully yours,

Mark J. Hyland

cc: Counsel of Record (via email)

SK 29834 0001 8113712 v1