```
                                          USDC SDNY
                                          DOCUMENT
                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT              DOC #:_____
SOUTHERN DISTRICT OF NEW YORK             DATE FILED: 12/17
------------------------------------X
COVENTRY CAPITAL US LLC,            :
                                    :     17 Civ. 7417 (VM)
                    Plaintiff,      :
                                    :
     - against -                    :     DECISION AND ORDER
                                    :
EEA LIFE SETTLEMENTS, INC., et al., :
                                    :
                    Defendants.     :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

On September 21, 2018, plaintiff Coventry Capital US LLC ("Coventry") submitted a letter requesting a pre-motion conference concerning Coventry's contemplated motion for a preliminary injunction against Defendant EEA Life Settlements, Inc. ("EEA"). (See "September 21 Letter," Dkt. No. 84.) This case concerns a portfolio of life insurance policies (the "Portfolio") Coventry contracted to buy from EEA, and which Coventry alleges EEA is now offering to others; therefore, Coventry requests that the Court enjoin EEA "from selling, transferring, or pledging" the Portfolio. (Id. at 1.) Coventry argues that a sale to a different buyer would "vitiate" Coventry's ability to obtain specific performance of the contract to buy the Portfolio and would "render EEA judgment proof by dissipating its only assets." (Id.) Coventry contends that these two outcomes would constitute "irreparable harm," because they would deprive Coventry of a

1

unique business opportunity and a remedy at law. (Id. at 2.) Coventry also argues that its contract with EEA stipulates that breach would cause irreparable harm. (Id.) Further, Coventry argues that it is likely to succeed on the merits and that the balance of hardships and public interest favor it. (Id. at 3.)

By letter dated September 26, 2018, EEA opposed Coventry's request for injunctive relief. (See "September 26 Letter," Dkt. No. 85.) EEA argues that Coventry's request should be denied because it fails to meet the requirements for a preliminary injunction: most notably, EEA asserts, Coventry cannot show an irreparable injury, especially because any potential harm to Coventry could be redressed by money damages. (See id. at 2.) Further, EEA argues that Coventry has adduced no evidence to support its contention that EEA would dissipate the proceeds of a Portfolio sale in order to frustrate a potential judgment Coventry might obtain against it. (Id.) EEA also denies that the contract defines a Portfolio sale to a different buyer as irreparable harm. (Id. at 2-3.) Finally, EEA argues that it is likely to succeed on the merits and that the balance of hardships and public interest favor it. (Id. at 3.)

By letter dated October 2, 2018, Coventry replied to EEA's September 26 Letter. (See "October 2 Letter," Dkt. No. 87.) Coventry emphasizes that the loss of the Portfolio would be an irreparable harm because "unlike most investment vehicles, the life insurance policies that make up the Portfolio are wholly unique." (Id. at 1.) It also argues that positions EEA has taken in discovery support the inference that EEA would not "maintain any assets upon a sale of the Portfolio." (Id. at 2.)

The Court heard argument on Coventry's request for injunctive relief on October 19, 2018, and reserved judgment to allow the parties to explore a consensual resolution of the case. By letter dated December 7, 2018, Coventry informed the Court that it believed further settlement attempts would not be productive and asked for a ruling on its injunction request. (See Dkt. No. 92.) By letter dated December 12, 2018, EEA concurred in Coventry's assessment and joined in Coventry's request for a ruling. (See Dkt. No. 94.)

The Court now construes Coventry's September 21 Letter as a motion for a preliminary injunction. For the reasons set forth below, Coventry's motion is DENIED.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. NRDC, 555 U.S. 7, 24

3

(2008). Because it "is one of the most drastic tools in the arsenal of judicial remedies," a preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (internal quotation marks omitted).

"A party seeking a preliminary injunction must demonstrate (1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." Faiveley Transport Malmo AB v. Wabtec Corp., 559 F.3d 110, 116 (2d Cir. 2009) (internal quotation marks and citation omitted). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Id. at 118 (internal quotation marks omitted). To demonstrate irreparable harm, the movant "must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Grand River, 481 F.3d at 66 (internal quotation marks omitted).

4

The Court finds that Coventry failed to show that, in the absence of a preliminary injunction, it would suffer an immediate injury that could not be remedied after trial by an award of monetary damages. Even assuming that Coventry does have the right to buy the Portfolio, the Court is not persuaded that losing the opportunity to buy the Portfolio would constitute an irreparable harm that could not be adequately compensated in damages. As Coventry notes, "a value can be ascribed" to the Portfolio. (October 2 Letter at 1 n.2). The Court finds that the Portfolio is an alienable, discrete, and intangible financial asset that is fungible with its dollar value.

As to Coventry's second theory of irreparable harm, the Court finds that Coventry has failed to make a "clear showing" that EEA would be judgment proof after trial. See Grand River, 481 F.3d at 66. Finally, the Court rejects Coventry's third theory of irreparable harm. Even assuming Coventry's reading is correct, "contractual language declaring money damages inadequate in the event of a breach does not control the question whether preliminary injunctive relief is appropriate." Baker's Aid v. Hussman Foodservice Co., 830 F.2d 13, 16 (2d Cir. 1987).

5

Accordingly, it is hereby

**ORDERED** that the motion so deemed by the Court as filed by plaintiff Coventry Capital US LLC for a preliminary injunction (Dkt. No. 84) is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
17 December 2018

                                          Victor Marrero (WBP)
                                          U.S.D.J.