LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KENNETH J. BROWN
(202) 434-5818
kbrown@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 28, 2018

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff Coventry Capital US LLC.

SO ORDERED:

*[signature]*

HON. VERNON S. BRODERICK 1/4/2019
UNITED STATES DISTRICT JUDGE PART I

**VIA FACSIMILE (212) 805-6382**

The Honorable Victor Marrero
United States District Judge
500 Pearl Street, Suite 1040
New York, NY 10007

Re: *Coventry Capital US LLC v. EEA Life Settlements, Inc. et al.*,
Case No. 1:17-cv-07417-VM-HBP

Dear Judge Marrero:

I write on behalf of Plaintiff Coventry Capital US LLC ("Coventry") pursuant to Federal Rule of Civil Procedure 59(e), Local Civil Rule 6.3, and the Court's Individual Practices to request a pre-motion conference. With the Court's permission, Coventry will move to reconsider in part the Court's December 17, 2018 Order (the "PI Order") so as to require Defendant EEA Life Settlements, Inc. ("EEA") to comply with its promise to retain 32 percent of the proceeds from any sale of the portfolio of life insurance policies that is the subject of this action (the "Portfolio"). EEA has long faced pressure from its Guernsey-based parent company to make distributions, and Coventry's motion for a preliminary injunction was based in significant part on the concern that EEA will send the proceeds from a sale of the Portfolio to Guernsey, thereby preventing it from satisfying an eventual judgment in this case. The Court directly addressed this issue with EEA's counsel at the hearing on Coventry's motion, and counsel ███████████████████████████████████████████████. *See infra.* The PI Order appears to be premised (at least in part) on that assurance, but does not require that it be honored. Coventry now requests that the Court memorialize that promise in a binding order, requiring EEA to retain at least 32 percent of the proceeds of any sale of the Portfolio, and to confirm that those funds are not committed to satisfy any other obligation, including any tax obligation that EEA may incur from the sale of the Portfolio.

Hon. Victor Marrero
December 28, 2018
Page 2

I. **In Opposing Coventry's Motion, EEA Repeatedly Stated That It Would Retain Sufficient Funds to Satisfy a Judgment**

Coventry's preliminary-injunction motion was based partly on the fact that EEA—the entity that the EEA family of companies used to contract with Coventry—is selling its only asset, the Portfolio, and the concern that the sale will leave EEA judgment proof, as the proceeds will be transferred to Guernsey-based EEA Life Settlements Fund PCC Limited (the "Fund"). *See* Dkt. 84 (Coventry Ltr.) at 2; Dkt. 87 (Coventry Reply) at 2. After all, EEA holds the Portfolio on the Fund's behalf, *see* Dkt. 84 (Coventry Ltr.) at 2; Dkt. 87 (Coventry Reply) at 2, and is wholly owned by affiliated entities in which the Fund invests, *see* Ex. 1 (annual report excerpt) at 2. Given the prospect that EEA could be compelled by its controlling shareholders to distribute abroad the proceeds from the sale of its sole asset, Coventry argued that it faces imminent irreparable harm, and "a money judgment will go unsatisfied absent equitable relief." *Alvenus Shipping Co. v. Delta Petroleum (U.S.A.) Ltd.*, 876 F. Supp. 482, 487 (S.D.N.Y. 1994); *see, e.g., Dong v. Miller*, 2018 WL 1445573, at *11 (E.D.N.Y. Mar. 23, 2018) ("It is familiar law that where a non-movant's assets may be dissipated before final relief can be granted, or where the non-movant threatens to remove its assets from the court's jurisdiction, such that an award of monetary relief would be meaningless, injunctive relief is proper." (internal quotation marks omitted)).

In its opposition letter, EEA did not deny that it is marketing the Portfolio, but instead stated that it would retain any proceeds to satisfy a judgment here. *See* Dkt. 85 at 2. According to that letter, "***sufficient proceeds generated from the sale of the Portfolio would be available in the event of a judgment against EEA Inc.***" *Id.*[1]

EEA repeated its commitment to retain sufficient sale proceeds during a colloquy with the Court at the October 19, 2018 hearing:



Ex. 2 (10/19/18 Hr'g Tr.) at 18:15–19:4.

---

[1] All emphases are added.

Hon. Victor Marrero
December 28, 2018
Page 3

## II.  The PI Order Should Be Modified to Require EEA to Retain Sufficient Funds to Satisfy a Judgment

A party may move to reconsider an order within 14 days of its issuance, "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3; see, e.g., *New York v. United Parcel Serv., Inc.*, 2016 WL 10672074, at *2 (S.D.N.Y. June 21, 2016) ("Although motions for reconsideration face a high bar, a district court has discretion to revisit its prior decision before final judgment on an issue if doing so is consistent with the interests of justice and principles of judicial efficiency."). Here, the PI Order overlooks the fact that irreparable harm will be avoided *only if* EEA retains sufficient proceeds from the sale of the Portfolio to satisfy any judgment in this case.

EEA did not dispute that it will be judgment proof if all sale proceeds go to the Fund. Instead, as set forth above, it assured the Court both orally and in writing that that will not happen. And the Court, presumably influenced by those assurances, denied the preliminary-injunction motion, holding that Coventry failed to establish that its injury could not be remedied by monetary damages. See Dkt. 99 at 5 (Coventry "failed to make a 'clear showing' that EEA would be judgment proof after trial" (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007))). Coventry seeks reconsideration of the PI Order solely to confirm EEA's commitment in a binding form.

There will be no prejudice or hardship to EEA from requiring it to do that which it repeatedly has said it already intends to do. Absent a binding order, however, EEA may not be empowered to defy direction from its shareholders to remit the sale proceeds to Guernsey, notwithstanding its representations to the Court. While under stringent regulatory scrutiny, the Fund restructured itself to create a class of "'run off' investors, who opted to redeem their investments" amidst the Fund's financial distress. Dkt. 31 (Complaint) ¶¶ 20–22. That financial distress, and the redemption requests from investors, continue to this day. *Id.* ¶ 23. Furthermore, in its opposition to Coventry's motion, EEA did not dispute that these "run off" investors will demand the proceeds upon the sale of the Portfolio—which is the Fund's sole asset. See Dkt. 85. Absent a Court Order, EEA well may be required to comply with those demands, thus obstructing Coventry from recovering on an eventual judgment. Accordingly, EEA should be required to retain at least 32 percent of the proceeds of any sale of the Portfolio, and to confirm that those funds are not committed to satisfy any other obligation, including any tax obligation that EEA may incur from the sale of the Portfolio.

We appreciate the Court's continued attention to these matters and will be prepared to address them further at the Court's convenience.

Hon. Victor Marrero
December 28, 2018
Page 4

Respectfully submitted,

*Kenneth J. Brown*

Kenneth J. Brown

cc: Counsel of record