# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

Karl Geercken      Direct Dial: 212-210-9471      Email: karl.geercken@alston.com

January 8, 2019

### VIA FACSIMILE (212) 805-6382

The Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street, Suite 1040
New York, NY 10007

Re: *Coventry Capital v. EEA Life Settlements Inc.*, No. 17-cv-07417

Dear Judge Marrero:

    We represent Defendant EEA Life Settlements, Inc. ("EEA Inc.") in the above referenced matter and write in response to the letter of Plaintiff Coventry Capital US LLC ("Coventry") to Your Honor, dated December 28, 2018, seeking a pre-motion conference before moving to reconsider, in part, the Court's December 17, 2018 Order denying Coventry's request for a preliminary injunction (the "PI Order"). Coventry's request is inappropriate and should be denied for several reasons.

### I. Coventry's Motion For Reconsideration Is Impermissible.

    As an initial matter, Coventry's December 28 letter seeking to require EEA Inc. to restrain 32 percent of the proceeds from any sale of the Portfolio in perpetuity is impermissible. As the Court is well-aware, reconsideration of an order is an "extraordinary remedy to be employed sparingly in the interests of finality and [c]onservation of scarce judicial resources." *C.D.S. v. Zetler*, 268 F. Supp. 3d 563, 569 (S.D.N.Y. 2000) (Marrero, J.) (internal citation omitted). Indeed, the standard for granting a motion to reconsider is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 460-61 (S.D.N.Y 2001) (denying motion for reconsideration where "plaintiff's motion largely restate[d] the arguments that plaintiff made to the Court in previous submissions" and "[r]ather than pointing to factual matters or legal decisions the Court overlooked, plaintiff argue[d] the Court improperly weighed and construed the facts.").

    Here, Coventry fails to reference, let alone introduce, any overlooked evidence capable of altering the PI Order. In fact, Coventry neglects to cite a single controlling

Alston & Bird LLP      www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 2

authority warranting modification of an order under similar facts through a motion to reconsider. Instead, Coventry desires a second bite at the apple by having the PI Order reshaped to include evidence already presented and well considered – a complete waste of this Court's time and resources. In its December 28 letter, Coventry simply reiterates the same arguments repeatedly made in its preliminary injunction application and throughout the October 19, 2018 preliminary injunction hearing. *See* Dkt. No. 84 at 2 ("EEA has demonstrated its willingness to use its foreign affiliates to shield itself from the consequences of its actions in the United States. A complete dissipation of EEA's assets would render it judgment proof."); Dkt. No. 87 at 2 ("There is no reason why EEA would continue to maintain any assets upon a sale of the Portfolio, and EEA provides none."); Ex. 1 [REDACTED]. And, this Court recognized, considered, and made note of Coventry's arguments in the PI Order. *See* Dkt. No. 99 at 5. ("As to Coventry's second theory of irreparable harm, the Court finds that Coventry has failed to make a "clear showing" that EEA would be judgment proof after trial.").[1]

Coventry is simply rehashing already considered and unavailing arguments made to this Court during the underlying preliminary injunction proceedings. The Court carefully considered all arguments and authorities, and cogently reasoned why the relief sought was being denied. Coventry's request to reconsider and ultimately modify the Court's PI Order is impermissible and should be denied.

## II. Coventry Continues To Fail To Meet Its Burden To Demonstrate That EEA Inc. Would Dissipate Its Assets Rendering It Judgment Proof.

Though it seeks to have the Court modify the PI Order contending that EEA Inc. may hypothetically funnel funds to its parent company so as to frustrate an eventual adverse judgment, Coventry continues to fail to provide any credible and non-speculative evidence that EEA Inc. would dissipate funds warranting a freeze of its assets, as required by controlling authority. *See Patriarch Partners Agency Servs., LLC v. Sohar CDO 2003-1*, 292 F. Supp. 3d 601, 603 (S.D.N.Y. 2017) (Marrero, J.) (finding that counterclaim plaintiffs have not made a "clear showing" that counterclaim defendant could not satisfy a money judgment after trial to warrant a restraint of assets); *BMaddox Enters., LLC v. Oskouie*, 2017 U.S. Dist. LEXIS 146766, at *15 (S.D.N.Y. Sept. 8, 2017) (denying the restraint of assets where "plaintiff does not point to any evidence tending to show that

---

[1] While the Court did not expressly note EEA Inc.'s representation to retain 32 percent of the potential sale proceeds in the PI Order, express notation to all arguments during a proceeding is not required. *See Kassman v. KPMG LLP*, 2018 U.S. Dist. LEXIS 215151, at *4-5 (S.D.N.Y. Dec. 21, 2018) (finding, on a motion to reconsider, that the court did not overlook an analysis merely because it was not expressly cited in the underlying order).

Page 3

[defendants] are planning on removing [their] assets in an effort to frustrate any [judgment], or that [defendants] [have] been hiding or secreting away assets.").

Coventry, again, through the December 28 letter fails to meet its burden to make a "clear showing" establishing that EEA Inc. would lack sufficient funds to satisfy any judgment Coventry may obtain. Instead, Coventry continues to make conclusory and unsubstantiated statements (habitually and inappropriately implying bad faith) that have no basis in the record (or otherwise) that, absent a binding order, EEA Inc. will remit the sale proceeds to EEA Life Settlements Fund PCC Limited (the "Fund") in order to satisfy any redemption requests from its "run off" investors. This point was addressed in submissions by both sides at the October 19, 2018 hearing and there is no basis to assert that it was overlooked by the Court when giving its ruling.

As Coventry notes in its December 28 letter, EEA Inc. represented, during the October 19, 2018 hearing, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. EEA Inc. continues to stand by its statement. However, it would be improper to modify the PI Order, as courts routinely consider statements regarding the solvency of an entity in open court in deciding preliminary injunction applications without requiring an asset freeze. *See LG Capital Funding, LLC v. PositiveID Corp.*, 2017 U.S. Dist. LEXIS 89915, at *14 (E.D.N.Y. Jun. 9, 2017) (denying preliminary injunction application based on statements at a hearing regarding the entity's solvency and where plaintiff had "at most, shown there is a possibility that [defendant] may be insolvent by the time this case is fully litigated," but "that mere possibility is speculative and cannot satisfy [plaintiff's] burden to show that [it] is likely to suffer irreparable harm.")[2] Thus, an order requiring EEA Inc. to restrain its assets without a clear showing from Coventry that EEA Inc. would become insolvent, and therefore unable to satisfy any judgment that Coventry may obtain, is improper and unsupported by any controlling authority.

We appreciate the Court's continued attention to these matters and will be prepared to discuss them further at the Court's convenience.

Respectfully submitted,

*/s/ Karl Geercken*

Karl Geercken

cc: Counsel of Record

---

[2] Not only does Coventry's December 28 letter seek an improper modification of the PI Order, but it also demands an absurd outcome whereby, through a binding order, EEA Inc. would be obligated to retain a certain level of solvency despite currently unforeseen business demands and market conditions; a demand no business entity could meet.