LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

KENNETH J. BROWN
(202) 434-5818
kbrown@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/19
```

January 9, 2019

**VIA FACSIMILE (212) 805-6382**

The Honorable Victor Marrero
United States District Judge
500 Pearl Street, Suite 1040
New York, NY 10007

>   Re:   *Coventry Capital US LLC v. EEA Life Settlements, Inc. et al.*,
>         Case No. 1:17-cv-07417-VM-HBP

Dear Judge Marrero:

I write on behalf of Plaintiff Coventry Capital US LLC ("Coventry") in response to the January 8, 2019 letter ("EEA Letter") from Defendant EEA Life Settlements, Inc. ("EEA") regarding Coventry's motion to reconsider.

During oral argument on Coventry's request for a preliminary injunction, the Court asked counsel for EEA: "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" 10/19/18 Hr'g Tr. at 18:16–18:18. EEA stated in response that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *Id.* at 18:22–19:4 (emphasis added).[1] The Court presumably relied on those representations in finding that Coventry failed to establish that its injury could not be remedied by monetary damages. *See* Dkt. 99 at 5.

Now, in its January 8 letter, EEA changes course. While EEA states that it "continues to stand by its statement" at oral argument, it now tells the Court that an order directing it to comply with that statement would be "*an absurd outcome whereby, through a binding order, EEA Inc. would be obligated to retain a certain level of solvency despite currently unforeseen business*

---

[1] In addition, in its letter opposing Coventry's request for a preliminary injunction, EEA stated that "sufficient proceeds generated from the sale of the Portfolio would be available in the event of a judgment against EEA Inc." *See* Dkt. 85 at 2.

*demands and market conditions* . . . ." EEA Letter at 3 n.2 (emphasis added). It is clear from EEA's resistance to being bound to its representation that, contrary to its statement in open court, EEA will *not* retain funds from a sale if it deems them necessary to satisfy its business needs.

This amplifies Coventry's concern that EEA's sale of the Portfolio, its sole asset, will leave EEA judgment proof, as the proceeds will be transferred to its foreign parent to satisfy investor demands. Far from "speculative," the prospect that EEA will quickly dissipate all funds is concrete: EEA has walked back its in-court representation that it will maintain sufficient assets to satisfy a potential judgment, and has never disputed the key facts that (1) the Portfolio is its sole asset; (2) the investors of its foreign parent will demand their money upon a sale of the Portfolio; and (3) EEA will be judgment proof if all sale proceeds go to its foreign parent. *See* Dkt. 100 (Coventry Letter) at 2–3. And even if EEA's current directors did intend to stand by their prior commitment, absent a court order EEA's foreign parent could easily replace EEA's directors with directors who are willing to dissipate 100% of the sale proceeds immediately. This demonstrates that EEA's "assets may be dissipated before final relief can be granted" such that "injunctive relief is proper." *Dong v. Miller*, 2018 WL 1445573, at *11 (E.D.N.Y. Mar. 23, 2018).[2]

Nor is there merit to EEA's assertion that Coventry's request for partial reconsideration to confirm EEA's commitment in binding form is procedurally "impermissible." EEA Letter at 1. To the contrary, Coventry properly raised "the matters . . . which counsel believes the Court has overlooked," Local Civil Rule 6.3, namely the fact that irreparable harm will be avoided *only if* EEA retains sufficient proceeds from the sale of the Portfolio to satisfy any judgment in this case. And, centrally, the Court did not previously have before it the candid admission in EEA's January 8 letter that contradicts its representations in open court. Accordingly, the Court should reconsider its order of December 17, 2018 to require EEA to retain at least 32 percent of the proceeds of any sale, and to confirm that those funds are not committed to satisfy any other obligation, including any tax obligation that EEA may incur from the sale.

---

[2] These facts also distinguish cases in which courts found a lack of irreparable harm due to the existence of other assets to satisfy a judgment or the complete lack of basis for asserting that dissipation was likely. *See Patriarch Partners Agency Servs., LLC v. Zohar CDO 2003-1*, 292 F. Supp. 3d 601, 603 (S.D.N.Y. 2017) (plaintiff failed to provide evidence of the defendant's "total assets," which could be used to satisfy a judgment even if the asset at issue was dissipated); *LG Capital Funding, LLC v. PositiveID Corp.*, 2017 WL 2556991, at *6 (E.D.N.Y. June 12, 2017) (noting evidence that the defendant's "revenues continue to grow" and it "continue[d] to attract investors"); *BMaddox Enterps. LLC v. Oskouie*, 2017 WL 9534738, at *6 (S.D.N.Y. Sept. 8, 2017) (stressing the lack of "any evidence tending to show that defendants are planning on removing their assets" (internal quotation marks and brackets omitted)).

We appreciate the Court's continued attention to these matters and will be prepared to address them further at the Court's convenience.

Respectfully submitted,

Kenneth J. Brown

cc: Counsel of record

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff.

**SO ORDERED.**

1-15-19

DATE / VICTOR MARRERO, U.S.D.J.