# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

MARK J. HYLAND
PARTNER
(212) 574-1541
hyland@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

January 18, 2019

**VIA FACSIMILE**

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Suite 1040
New York, NY 10007-1312

USDSNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/19

Re:   *Coventry Capital US LLC v. EEA Life Settlements, Inc., et al.*,
      No. 17-cv-7417 (VM) (HBP)

Dear Judge Marrero:

      We represent Defendants Vincent Piscaer and Hiren Patel in this action and write regarding the telephone conference held yesterday to discuss the status of the request by Coventry Capital US LLC ("Coventry") to reconsider Your Honor's order of December 17, 2018 denying Coventry's request for a preliminary injunction. *See* Dkt. No. 99 (the "PI Order").

      Your Honor began the call by stating correctly that the Notice of Interlocutory Appeal filed by Coventry on January 16, 2019, Dkt. No. 107 divests the district court of jurisdiction to consider Coventry's request for injunctive relief while the appeal is pending. The Defendants voiced agreement with this simple tenet of black-letter law.

      Counsel for Coventry, however, stated that "the law is the exact opposite," claiming that a notice of appeal has "no effect" on a pending motion for reconsideration, citing two unreported district court decisions in cases the procedural postures of which bear no resemblance to the situation in this case. In *Sarhank Grp. v. Oracle Corp.*, No. 01 Civ. 1285 (DAB), 2004 U.S. Dist. LEXIS 2493 (S.D.N.Y. Feb. 19, 2004), the court granted the petitioner's motion, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to amend a final judgment confirming an arbitration award, notwithstanding a notice of appeal filed by the respondent. Likewise, the court in *Smith v. N.Y.C.*, No. 12 Civ. 8131 (JGK), 2014 U.S. Dist. LEXIS 78475 (S.D.N.Y. June 9, 2014), considered a Rule 59(e) motion for relief from a final judgment. Coventry contends that these cases articulate the standard governing this court's jurisdiction over its request that Your Honor reconsider the well-reasoned PI Order. That is not the law, as Rule 59 has no application here.

January 18, 2019
Page 2

    The seminal case *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623 (2d Cir. 1962), holds that once an appeal is taken of an interlocutory order regarding injunctive relief, "jurisdiction passes to the appellate court." *Id.* at 625. "Thereafter the appellant is not usually entitled as of right to present new evidence or argument to the trial court, which in the exercise of a sound discretion will exercise jurisdiction only to preserve the status quo as of the time of appeal." *Id.* The Second Circuit's decision in *State of N.Y. v. Nuclear Regulatory Comm'n*, 550 F.2d 745 (2d Cir. 1977) is also instructive. There, the district court had concluded that a renewed preliminary injunction motion "was little more than a poorly disguised effort to reopen and reargue the earlier unsuccessful motion," and that, citing *Sayco*, Rule 62(c) dictated that it "lacked jurisdiction to tamper in any way with the order then on interlocutory appeal other than to issue orders designed to preserve the status of the case as it sat before the court of appeals." *Id.* at 758. The Court of Appeals agreed, holding that had the district court reconsidered its denial of the original motion, "the judge would have acted in contravention of our holding in *Sayco* and would have accomplished precisely what *Sayco* was intended to prevent – destruction, rather than preservation of the posture of the case as it sat before the court of appeals." *Id.* at 759.

    Coventry is attempting to have two bites of the apple by pursuing reconsideration of the PI Order while holding an appeal in reserve. We respectfully submit that the Court should not countenance this abuse of the rules.

Respectfully yours,

Mark J. Hyland

cc: Counsel of Record (via email)

SK 29834 0001 8124797

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendants Vincent Piscaer and Hiren Patel.

SO ORDERED.

1-22-19
DATE

VICTOR MARRERO, U.S.D.J.