LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KENNETH J. BROWN
(202) 434-5818
kbrown@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/19
```

January 22, 2019

**VIA FACSIMILE (212) 805-6382**

The Honorable Victor Marrero
United States District Judge
500 Pearl Street, Suite 1040
New York, NY 10007

> Re: *Coventry Capital US LLC v. EEA Life Settlements, Inc. et al.*,
> Case No. 1:17-cv-07417-VM-HBP

Dear Judge Marrero:

Pursuant to the Court's direction during our recent telephone conferences, Coventry Capital US LLC ("Coventry") and Defendant EEA Life Settlements, Inc. ("EEA") conferred on January 18, 2019 regarding a stipulation that would moot Coventry's pending motion for reconsideration. EEA's counsel stated during that discussion that EEA was willing to enter into a stipulation that it would retain approximately 32% of the gross sale proceeds upon a sale of the Portfolio. Accordingly, Coventry provided EEA with a draft stipulation to that effect. The parties recognized that minor edits to the stipulation's language might be necessary, and discussed a potential request to extend today's deadline in order to come to a final agreement. Today, however—as with its initial representation to the Court that it would retain 32% of any sale proceeds—EEA backed away from its statement and informed Coventry that it has no intention of entering into *any* stipulation. Although Coventry hoped that EEA would negotiate the terms of a stipulation that would moot Coventry's pending motion for reconsideration, it is now clear that EEA is unwilling to do so and the Court will need to address the merits of that motion.

In light of the Court's questions during the January 17, 2019 telephone conference regarding its jurisdiction to decide Coventry's pending motion, as well as the January 18, 2019 letter from Defendants Vincent Piscaer and Hiren Patel regarding that issue, Coventry notes three points for the Court's consideration:

*First*, as Coventry stated during the January 17, 2019 conference, well-established law gives the Court jurisdiction to decide a motion to reconsider, notwithstanding the pendency of a

WILLIAMS & CONNOLLY LLP

January 22, 2019
Page 2

notice of appeal from the order about which reconsideration is sought. *See, e.g., Smith v. City of New York*, 2014 WL 2575778, at *1 n.1 (S.D.N.Y. June 9, 2014) ("Although a notice of appeal ordinarily divests a district court of jurisdiction, a timely filed motion for reconsideration postpones the efficacy of a notice of appeal until after the District Court rules on the motion for reconsideration."). This rule has been applied to the exact situation that faces the Court: Where a party files a letter seeking permission to file a Rule 59 motion, and later notices an appeal out of an abundance of caution because the hyper-technical rules governing notices of appeal may not consider a letter sufficient to toll the appeal deadline under Federal Rule of Appellate Procedure 4. *See Sarhank Grp. v. Oracle Corp.*, 2004 WL 324881, at *1 (S.D.N.Y. Feb. 19, 2004) (considering and granting letter motion for reconsideration under these circumstances).

*Second*, the decisions cited by Messrs. Piscaer and Patel in their letter, Dkt. No. 108, are irrelevant to the jurisdictional question raised by the Court. *New York v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 758–59 (2d Cir. 1977), found that a district court lacks jurisdiction to hear a *second, successive* motion for a preliminary injunction during the pendency of an appeal regarding the first such motion. That case had nothing to do with a Rule 59 motion to reconsider like the one at issue here. In fact, the Second Circuit recognized that motions to reconsider *can* be decided notwithstanding the pendency of an appeal, referencing the 1961 version of Federal Rule of Civil Procedure 62(c) as "allowing a district judge to modify an injunctive order after an appeal has been taken from that order if 'the judge is satisfied that his order was erroneous.'" *Id.* at 758 n.7 (quoting Fed. R. Civ. P. 62(c) (1961)). *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962), is to a similar effect, finding only that a district court could not entertain a motion to vacate or modify a previously granted preliminary injunction absent a finding "that his order was erroneous" under the 1961 version of Rule 62(c).

*Third*, although the Court has jurisdiction to decide Coventry's Rule 59 motion without the need for further action by the parties, Federal Rule of Appellate Procedure 12.1 provides the Court an alternative procedural option. Rule 12.1 states that a district court presented with a motion "for relief that it lacks authority to grant because of an appeal that has been docketed and is pending" may indicate either "that it would grant the motion or that the motion raises a substantial issue," in which case "the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1. Accordingly, even if the Court lacked jurisdiction to decide Coventry's Rule 59 motion (it does not), the Court could issue a ruling indicating either that it would grant Coventry's motion or that the motion raises a substantial issue, in which case Coventry could petition the Court of Appeals to retain jurisdiction over the appeal, but remand for purposes of resolving Coventry's motion.

WILLIAMS & CONNOLLY LLP

January 22, 2019
Page 3

We appreciate the Court's continued attention to these matters and will be prepared to address them further at the Court's convenience.

Respectfully submitted,

*Kenneth J. Brown*

Kenneth J. Brown

cc: Counsel of Record

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff.

SO ORDERED.

1-23-19

DATE          VICTOR MARRERO, U.S.D.J.