```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
COVENTRY CAPITAL US LLC,            :

                    Plaintiff,      :    17 Civ. 7417 (VM)(HBP)

      -against-                     :    OPINION
                                         AND ORDER
EEA LIFE SETTLEMENTS, INC.,         :
et al.,
                                    :
                    Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

## I. Introduction

By letter dated June 12, 2018 (Docket Item ("D.I.") 66) ("Coventry's June 12 Ltr."), plaintiff Coventry Capital US LLC ("Coventry") moves (1) to compel defendant EEA Life Settlements Inc. ("EEA Life") to produce certain documents and (2) to impose sanctions against the individual defendants based on their failure to produce certain documents. For the reasons set forth below, the motion is denied.

## II. Facts

This is a diversity action arising out of the parties' unsuccessful efforts to negotiate plaintiff's purchase of a portfolio of life insurance policies from EEA Life.

According to the complaint, EEA Life owned a portfolio comprised of 133 life insurance policies with an aggregate net benefit of approximately $459 million. Plaintiff alleges that EEA Life held this portfolio on behalf of EEA Life Settlements Fund PCC Limited ("EEA Settlements Fund") and its affiliates. At an unspecified point in time after 2014, EEA Life ostensibly sought a buyer for the portfolio and entered into negotiations with Coventry. Coventry alleges that these negotiations were, in reality, a sham, and that defendants actually had no intention of completing the sale. According to Coventry, defendants entered into the sham negotiations in order to appease investors who were seeking to redeem their investments in an affiliate of EEA Life, EEA Settlements Funds. Coventry also alleges that it entered into an agreement with EEA Life during the negotiations that provided, upon the execution of a definitive contract of sale, Coventry would receive the death benefits of any person insured under a policy contained in the portfolio who died after May 15, 2017. Coventry claims that defendants actually sought to maintain ownership of the portfolio to enable EEA Life and its affiliates to charge investors millions of dollars in fees and other expenses, and to reap the death benefits resulting from the large numbers of insureds who unexpectedly died in May, June and August 2017. As a result of the foregoing, Coventry asserts a claim against EEA Life for breach contract, a claim against all

2

defendants for fraud and intentional misrepresentations and a claim against individual defendants Vincent Piscaer and Hiren Patel for aiding and abetting the alleged fraud and intentional misrepresentations.

An understanding of the current dispute requires an understanding of the rather complicated relationship among the defendants and several other entities. EEA Life is wholly owned by EEA Life Settlements Master Fund II Limited ("Master Subsidiary II"). Master Subsidiary II and a second entity -- EEA Life Settlements Master Fund Limited ("Master Subsidiary") are both wholly owned by EEA Life Settlements Holdings Limited ("EEA Holdings"). EEA Holdings is wholly owned by EEA Settlements Fund. EEA Settlements Fund has an investment management agreement with EEA Fund Management (Guernsey) Limited (the "Guernsey Manager") under which the Guernsey Manager manages EEA Settlements Fund, EEA Holdings, Master Subsidiary, Master Subsidiary II and EEA Life. Defendant Piscaer is one of four directors of the Guernsey Manager. The Guernsey Manager is also a party to a marketing agreement with EEA Fund Management Limited ("EEA UK") which acts as marketing agent for EEA Settlements Fund. According to Coventry, Patel is an officer and managing director of EEA UK and Piscaer is Head of Alternative Investments of EEA UK. Piscaer and Patel, however, deny that either is an officer of EEA UK. The Guernsey Manager and EEA UK are wholly owned by Anath

3

Capital Group Limited ("Anath"); Patel is one of two directors of Anath.

The present dispute arises out of document requests Coventry served on EEA Life, Piscaer and Patel. The document requests seek documents that are in the actual possession of the Guernsey Manager, EEA UK and other affiliated or related entities.

Coventry first raised an issue with respect to the individual defendants' failure to produce documents from the Guernsey Manager, EEA UK and the affiliated or related entities in February 2018. Coventry cited the defendants' Rule 26(a)(1) disclosures as one of the reasons for believing that the individual defendants and EEA Life had access to the documents. These disclosures provided, in pertinent part:

> To the best of defendants' knowledge, non-privileged documents relating to EEA's business dealings with Coventry, the negotiation of the LOI, information related to the Portfolio and Retention Portfolio, and communications regarding the proposed transaction after the execution of the LOI are located at . . . (3) EEA Fund Management (Guernsey) Limited, PO Box 141, La Tonelle House, Les Banques, St. Sampson, Guernsey GY1 3HS; (4) EEA Life Settlements Fund PCC Limited, PO Box 141, La Tonelle House, Les Banques, St. Sampson, Guernsey GY1 3HS; and (5) EEA Fund Management Limited, 6th Floor, Becket House, 36 Old Jewry, London EC2R 8DD. Copies of responsive, non-privileged documents will be provided pursuant to Fed.R.Civ.P. 34.

Defendants at that time took the same position that they are taking now, namely, that they do not have the ability to produce documents in the actual possession of the Guernsey Manager, EEA

4

UK and the other related or affiliated entities. After hearing oral argument on March 8, 2018, I issued an Order on March 29, 2018 which provided, in pertinent part:

> Given the scant nature of defendants' document production to date, the nature of the relationships among EEA Inc. and its affiliates and the representations in defendants' 26(a)(1) disclosures, I understand plaintiff's skepticism with respect to defendants' claim. Nevertheless, I cannot assume that defendants' counsel was dissembling when he represented on the record in open court that the defendants do not possess and do not have the practical ability to obtain documents in the possession of Guernsey Manager, the Fund, EEA UK and EEA Holdings. I conclude that plaintiff's motion to compel should be denied, without prejudice to renewal, provided that within 14 days of the date of this Order, defendants provide an (1) affidavits or declarations pursuant to 28 U.S.C. § 1746 from all defendants confirming the representations made by counsel at the March 8 oral argument and (2) affidavits or declarations pursuant to 29 U.S.C. § 1746 from Guernsey Manager, the Fund, EEA UK and EEA Holdings confirming that these entities do not permit EEA Inc. to have access to their documents in the regular course of their business and that they have not and will not provide any documents to EEA Inc. in connection with this litigation unless compelled to do so as a result of formal discovery proceedings.

(Order dated Mar. 29, 2018 (D.I. 47) at 5-6). The individual defendants and EEA Life timely filed declarations confirming their inability to access the documents of the Guernsey Manager and EEA UK for the purpose of producing them in this proceeding (Declaration of Hiren Patel, dated April 11, 2018 (D.I. 52); Declaration of Vincent Piscaer, dated April 11, 2018 (D.I. 53); Declaration of Carl T. Daly, dated April 12, 2018 (D.I. 54)).

Coventry raised the issue again, with respect to Piscaer and Patel, at a conference held on May 11, 2018. At that time, Coventry claimed that Piscaer and Patel had admitted that they had access to the documents of the Guernsey Manager and EEA UK in the ordinary course of business and, therefore, had the practical ability to produce the documents (Transcript of Proceedings, dated May 11, 2018 (D.I. 62) ("5-11-18 Tr.") at 5-6). Piscaer and Patel continued to contend that although they had access to documents in the ordinary course of business, the Guernsey Manager and EEA UK were refusing to grant them access to documents for the purpose of producing them in this litigation. After hearing from both sides, I directed Piscaer and Patel

> to produce all non-privileged documents that are in their possession custody or control for any purpose. If they don't currently have actual possession, they are directed to attempt to get possession. If the[ir] employers says no, that's something, a bridge I guess we can cross down the road.

(5-11-18 Tr. at 22-23).

By emails dated May 14, 2018, both Piscaer and Patel made requests for the documents in issue to the Guernsey Manager and to EEA UK. Both entities refused to grant Piscaer and Patel access to the documents. Specifically, the Guernsey Manager responded to each of the individual defendants as follows:

> We start from the position that the documents you refer to are the property of the Company. We do not consider that you have any legal right to take possession of the Company's documents for the purposes of use in litigation brought against you personally. Any such produc-

6

> tion would amount, in our view, to misappropriation. As explained in a signed declaration of Martyn Roussel on 18 April 2018, the Company has determined not to permit you to access documents held by the Company for the purpose of giving disclosure in the proceedings. That remains the case.
>
> Further we note that the Company is under a contractual obligation to EEA Life Settlements Fund PCC Limited (the "Fund", and various of the Fund's subsidiaries), pursuant to the Management Agreement of 30 April 2010, as amended from time to time. The Management Agreement provides that the Company shall use its best endeavours to prevent disclosure by its officers, employees or agents of documents relating to the affairs of the Fund. There is no exemption to that requirement which applies in this case.
>
> The Company has decided to restrict your access to documents preceding October 2017. This decision has been taken in view of the Company's contractual obligations, and your request, notwithstanding the above, to access the Company's documents. The restriction will take effect from the date of this email.

(Coventry's June 12 Ltr., Ex. 20). EEA UK's response to each of the individual defendants was substantially the same.

Coventry has now raised the issue again, seeking sanctions against the individual defendants and an Order compelling EEA Life to produce documents in the possession of the Guernsey Manager.

Coventry claims that Piscaer and Patel have access to documents in the actual possession of the Guernsey Manager and EEA UK as a result of their positions as officers and/or directors of each entity.

Coventry claims that EEA Life has the practical ability to produce documents in the actual possession of the Guernsey

7

Manager pursuant to its management agreement with the Guernsey Manager. Specifically, Coventry relies on the following language in the management agreement to support its conclusion that EEA Life has the right to the Guernsey Manager's documents.

**6      Administrative and Secretarial Responsibilities**

>   During the continuance of this Agreement the Manager shall:
>
>   \*      \*      \*
>
>   (d) . . . permit the Directors, Auditors, the Custodian and the employees and agents for the time being of a Group Entity to inspect such accounts, books, records, statements, the register of members of the relevant Group Entity and provide such persons with such information, explanations and assistance as they may reasonably require in connection therewith.
>
>   \*      \*      \*

**7      Investment Management Responsibilities**

>   During the continuance of this Agreement the [Guernsey] Manager shall:
>
>   \*      \*      \*
>
>   (c)   at all times give promptly to the Directors and/or the Custodian all such information and explanations as the Directors and/or the Custodian may require with respect to a Group Entity's Investment Assets and render written reports of the composition of the portfolio and borrowings of each Group Entity as often as the Directors and/or Custodian shall reasonably require;
>
>   (d)   in carrying out its duties as investment manager hereunder, observe and have regard to:
>
>   \*      \*      \*

8

                (v)    any directions provided by the Directors of the relevant Group Entity.

(Coventry's June 12 Ltr., Ex. 1 at 8-9, 12-14).

III. <u>Analysis</u>

       Rule 34 of the Federal Rules of Civil Procedure requires a party to produce documents and other tangible objects that are within the party's "possession, custody or control." <u>Tiffany (NJ) LLC v. Qi Andrew</u>, 276 F.R.D. 143, 147 (S.D.N.Y. 2011) (collecting cases), <u>aff'd</u> <u>sub</u> <u>nom</u>., <u>Tiffany (NJ) LLC v. Andrew</u>, 10 Civ. 9471 (WHP), 2011 WL 11562419 (S.D.N.Y. Nov. 14, 2011) (Pauley, D.J.). A document or tangible object is within a party's control if the party has the practical ability to obtain the document or object. <u>In re NTL, Inc. Sec. Litig.</u>, 244 F.R.D. 179, 195 (S.D.N.Y. 2007) (Peck, M.J.) ("Under Rule 34, control does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." (internal quotation marks and citations omitted)), <u>aff'd</u> <u>sub</u> <u>nom</u>., <u>Gordon Partners v. Blumenthal</u>, 02 Civ. 7377 (LAK), 2007 WL 1518632 (S.D.N.Y. May 17, 2007) (Kaplan, D.J.). A party also has control over material that it has a legal right to obtain. <u>S.E.C. v. Strauss</u>, 09 Civ. 4150 (RMB)(HBP), 2009 WL 3459204 at *7 (S.D.N.Y. Oct. 28, 2009);

United States v. Stein, 488 F. Supp. 2d 350, 361, 363 (S.D.N.Y. 2007) (Kaplan, D.J.); In re NASDAQ Market-Makers Antitrust Litig., 169 F.R.D. 493, 498, 530 (S.D.N.Y. 1996) (Sweet, D.J.). "The burden of demonstrating that the party from whom discovery is sought has the practical ability to obtain the documents at issue lies with the party seeking discovery." Tiffany (NJ) LLC v. Qi Andrew, supra, 276 F.R.D. at 148; accord In re Namenda Direct Purchaser Antitrust Litig., 15 Civ. 7488 (CM)(JCF), 2017 WL 3822883 at *6 (S.D.N.Y. Aug. 30, 2017) (Francis, M.J.); Golden Trade S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992) (Dolinger, M.J.) ("In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion."). "Accordingly, where discovery is sought from an entity for documents in the physical possession of another, affiliated entity, '[i]t is the discovering party's burden to demonstrate that the requested entity has either the legal right or the practical ability to obtain the documents in question from their custodian.'" In re: Application of Passport Special Opportunities Master Fund, LP for an Order Compelling Compliance with a Subpoena Issued to Deloitte Touche Tohmatsu Ltd. Pursuant to 28 U.S.C. § 1782, 16 Misc. 33 (PAE), 2016 WL 844833 at *4 (S.D.N.Y. Mar. 1, 2016) (Engelmayer, D.J.), quoting In re Nortel Networks Corp., Sec. Litig., 01 Civ. 1855 (RMB)(MHD), 2004 WL

2149111 at *2 (S.D.N.Y. Sept. 23, 2004) (Dolinger, M.J.). "[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007)

Although the "practical ability" to obtain a document is one of the tests for control, the concept has limits. A party does not have the practical ability to obtain a document if the party could obtain the document only by committing a tort or a crime. While cleaning person may have the practical ability to obtain documents in the offices he/she cleans by pilfering them, no attorney would seriously argue that such documents are in the cleaning person's "possession, custody or control." The Federal Rules of Civil Procedure exist to facilitate the administration of justice. An interpretation of the Rules that would require a party to commit a tort or crime in order to comply with discovery obligations is antithetical to that purpose. See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 211 (1958) ("It is hardly debatable that fear of criminal prosecution constitutes a weighty excuse for nonproduction . . . .").[1]

---

[1]For reasons that are explained elsewhere, the French Blocking statute is unique and constitutes an exception to the principle set out above. See generally In re Vivendi Universal, S.A. Sec. Litig., 02 Civ. 5571 (RJH)(HBP), 2006 WL 3378115 at *3-
(continued...)

11

A contractual right to obtain a document is also frequently found to be a basis for concluding that a document is within a party's possession custody or control. Chevron Corp. v. Salazar, 275 F.R.D. 437, 447 (S.D.N.Y. 2011) ("'Control' is construed broadly to encompass documents that the respondent has 'the legal right, authority or practical ability to obtain . . . upon demand.'") (Kaplan, D.J.), quoting Dietrich v. Bauer, 244 F.R.D. 179, 195 (S.D.N.Y. 2001) (Sweet, D.J.); In re Flagg Telecom Holdings, Ltd. Sec. Litig., 236 F.R.D. 177, 180 (S.D.N.Y. 2006) (Conner, D.J.); 2 Michael Silberberg, Edward M. Spiro & Judith L. Mogul, Civil Practice in the Southern District of New York § 21:4 at 248 (2017-2018 ed.); 8B Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2210 at 149 (2010). However, that concept also has limits. As explained by the Honorable Loretta A. Preska, United States District Judge:

> In the context of discovery pursuant to Rule 34 of the Federal Rules of Civil Procedure, "control" can be found where a party (1) is legally entitled, or (2) has the practical ability, to acquire the documents. . . . While the test frequently is stated such a way that it might be interpreted as disjunctive ("legal entitlement or practical ability"), it cannot be the case that legal entitlement alone is sufficient to find control where the subpoenaed party makes a showing that it

---

[1](...continued)
*4 (S.D.N.Y. Nov. 16, 2006); Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 30 (S.D.N.Y. 1984) (Keenan, D.J.); Bodner v. Banque Paribas, 202 F.R.D. 370, 375 (E.D.N.Y. 2000).

> lacks the practical ability to obtain access to documents. It appears that this disjunctive construction conceals an underlying assumption that legal entitlement to documents necessarily brings with [it] the practical ability to acquire those documents and overlooks the possibility that a party could have a legal entitlement but nonetheless lack the practical ability to exercise that right. As a matter both of logic and of law, the ability to obtain or access documents must be the sine qua non of "control"; a clearer statement of the rule therefore might read: "control can be found where a party has the practical ability to acquire or access documents by (1) legal entitlement or (2) any other means."

In re Application of Potanina, 14 Misc. 31 (LAP), 2015 WL 4476612 at *1 (S.D.N.Y. June 30, 2015) (inner quotations and citations omitted).

In M'Baye v. New Jersey Sports Prod., Inc., 05 Civ. 9581 (DC), 06 Civ. 3439 (DC), 2008 WL 1849777 (S.D.N.Y. Apr. 21, 2008), defendants sought dismissal of the action based on plaintiff's failure to comply with an order to produce documents. With respect to documents in the possession of third parties, the production order in M'Baye, like the production order in this case, ordered M'Baye to "take all actions within his legal rights and practical ability to compel the production of such documents" by the third party. 2008 WL 1849777 at *1. In response to calls and correspondence from plaintiff and his attorney, the third party produced some, but not all, of the documents in issue. The Honorable Denny Chin, the United States District Judge, now United States Circuit Judge, denied the motion to the extent it sought dismissal of the action, stating:

13

> First, I am not persuaded that M'Baye has acted
> wilfully or in bad faith. To the contrary, I conclude
> that M'Baye does not have possession, custody, or
> control of the documents in question, and that he has
> acted diligently to try to obtain them. [M'Baye's
> attorney] made diligent efforts to obtain the documents
> from [the third party], but [the third party's] emails
> show that he was being very difficult, apparently
> because he believed he was slighted somehow by M'Baye's
> promoter. M'Baye went so far as to engage a Swiss
> lawyer to write a demand letter to [the third party].
> M'Baye's inability to obtain more documents from [the
> third party] after these efforts shows that he does not
> have control over them. See Chaveriat v. Williams Pipe
> Line Co., 11 F.3d 1420, 1427 (7th Cir. 1993) ("[T]he
> fact that a party could obtain a document if it tried
> hard enough and maybe if it didn't try hard at all does
> not mean that the document is in its possession, cus-
> tody, or control; in fact it means the opposite.").
>
> * * *
>
> Defendants seem to suggest that M'Baye has vio-
> lated the Court's order because he has done nothing
> further in Switzerland since his Swiss counsel wrote
> the demand letter to [the third party]. . . . It was
> not my intent, however, to order M'Baye to sue [the
> third party] in Switzerland to obtain the documents.
> In my view, M'Baye has made reasonable, good faith
> efforts to obtain the documents from [the third party].
> I note that if defendants really believe these docu-
> ments are so important, they may themselves seek to
> compel [the third party] to produce them. See
> Shcherbakovskiy, 490 F.3d at 138.

2008 WL 1849777 at *4.[2] See also Shcherbakovskiy v. Da Capo Al

Fine, Ltd., supra, 490 F.3d at 138 ("We also think it fairly

obvious that a party also need not seek such documents from third

parties if compulsory process against the third parties is

available to the party seeking the documents. However, if a

---

[2]Judge Chin reserved decision on the whether the lesser
sanction of an adverse inference instruction would be imposed.

14

party has access <u>and</u> the practical ability to possess documents not available to the party seeking them, production may be required." (emphasis added)); Searock v. Stribling, 736 F.2d 650, 653-55 (11th Cir. 1984) (reversing dismissal of counterclaim as a sanction for defendant's failure to produce documents in possession of third party where defendant made diligent, but unsuccessful, efforts to obtain the documents).

In light of the foregoing authorities, I conclude that plaintiff's motion should be denied as to both the individual defendants and EEA Life. Assuming, without deciding, that the individual defendants and EEA Life have the legal right to obtain the documents in issue from the Guernsey Manager and EEA UK, the record demonstrates that each has attempted to obtain the documents from the Guernsey Manager and EEA UK and each has been rebuffed. The Guernsey Manager and EEA UK have now terminated the individual defendants' access to the documents in issue, and the individual defendants cannot now access the documents for any purpose. Prior to that, the Guernsey Manager and EEA UK advised that they would consider any attempt by the individual defendants to produce the documents in this litigation to be an act of misappropriation. As noted above, the Federal Rules of Civil Procedure cannot rationally be construed to require the commission of tortious acts.

Although plaintiff claims, without any evidence, that the individual defendants, by virtue of their alleged positions with the Guernsey Manager and EEA UK, engineered their lack of access to the documents in the possession of these entities, the record is to the contrary. Counsel for the individual defendants has represented that they took no part in the decisions of the Guernsey Manager and EEA UK to deny them access to the documents (Letter from Mark J. Hyland, Esq. to the undersigned, dated June 19, 2018 (D.I. 70) at 8). Although I understand why plaintiff is suspicious of this representation, plaintiff's suspicions cannot satisfy its burden of proof.

With respect to EEA Life, it may be that Coventry's interpretation of the management agreement is correct and perhaps EEA Life does have the contractual right to obtain the documents in issue from the Guernsey Manager. The record, however, demonstrates that the Guernsey Manager rejects such an interpretation and has refused to make the documents available to EEA Life. The only mechanism by which the competing interpretations could be tested would be an action by EEA Life against the Guernsey Manager to compel production pursuant to the management agreement. Neither Coventry's research nor my own has found any case in which a party or a witness was required to institute litigation against a third party to obtain documents.

Denial of plaintiff's motion does not leave plaintiff without a remedy. As defendants have pointed out, plaintiff is free to seek the documents in issue through a request pursuant to the Hague Convention. I appreciate that a Hague Convention request can be time consuming, but that fact will not confer control of the documents in issue on the individual defendants or EEA Life. In addition, requiring the defendants to commence litigation in the United Kingdom to obtain the documents -- a result that is unsupported by any case -- would also be time consuming.

The principal cases cited by plaintiff in support of its application are all distinguishable. In Chevron Corp. v. Donziger, 296 F.R.D. 168 (S.D.N.Y. 2013) (Kaplan, D.J.), there was a factual finding that the party who claimed an inability to produce the documents actually controlled the third parties who were refusing to make the documents available. 296 F.R.D. at 210-12. In this case there is an unrebutted representation that the individual defendants played no role in the decisions by the Guernsey Manager and EEA UK to deny the individual defendants access to the documents. Similarly, in In re Flagg Telecom Holdings, Ltd. Sec. Litig., supra, 236 F.R.D. 177, there was no evidence that the non-party whose documents were sought had refused to produce them to the party who was the subject of the discovery request. Here, there is documentary evidence corrobo-

rating the refusal of the Guernsey Manager and EEA UK to make the documents available to the individual defendants and EEA Life. Finally, plaintiff's reliance on <u>Royal Park Inv. SA/NV v. Deutsche Bank Nat'l Tr. Co.</u>, 14 Civ. 4393 (AJN)(BCM) (S.D.N.Y. May 15, 2018) (slip op.) (Moses, M.J.), is also misplaced. The issue in that case was an assignee's obligation to produce relevant documents of the assignor. In ordering production and conditionally imposing sanctions, the Honorable Barbara Moses, United States Magistrate Judge, relied on a long line of cases holding that it would be unfair to permit the owner of claim escape its discovery obligations by the simple expedient of assigning the claim. As explained in <u>JP Morgan Chase Bank v. Winnick</u>, 228 F.R.D. 505, 506 (S.D.N.Y. 2005) (Lynch, then D.J., now Cir. J.):

> It is both logically inconsistent and unfair to allow the right to sue to be transferred to assignees of a debt free of the obligations that go with litigating a claim. If the plaintiff's theory carried the day, the assignor would be able to assign a claim more valuable than it could ever have, because its claim, if pursued by the assignor, would entail certain obligations that, when assigned, would magically disappear.

There was no assignment of a claim in this case, and, therefore, the fairness considerations that existed in <u>Royal Park</u> are not present here.

The individual defendants and EEA Life cannot use their inability to obtain the documents as both as a shield and a sword. Unless plaintiff is able to obtain documents from the Guernsey Manager and EEA UK, defendants are precluded from using

18

any documents from these entities with respect to a motion or at trial. Even if some documents from the Guernsey Manager or EEA UK have been produced, permitting defendants to use those documents while the Guernsey Manager and EEA UK are resisting complete production, creates a risk that the documents that have been produced are "cherry picked" and do not tell the entire story. If defendants believe that the Guernsey Manager or EEA UK have documents relevant to their defenses, they also have the option of seeking discovery pursuant to the Hague Convention.

Finally, I have considered plaintiff's request for an adverse inference instruction as a sanction and conclude that it is not appropriate. The individual defendants and EEA Life have complied with my prior Orders directing them to attempt to obtain the documents and there really is no evidence that their failure to obtain the documents was in intentional or even the product of recklessness or negligence.

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff's application for an order compelling the individual defendants to produce documents and for sanctions is denied in all respects. In addition, unless the Guernsey Manager and EEA UK make a complete

production of documents in this matter, defendants are precluded from using any documents from either.

Dated:  New York, New York
        January 24, 2019

SO ORDERED

*[signature: Henry Pitman]*

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel