# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

MARK J. HYLAND
PARTNER
(212) 574-1541
hyland@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

January 24, 2019

**VIA FACSIMILE**

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Suite 1040
New York, NY 10007-1312



USDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/19

Re: *Coventry Capital US LLC v. EEA Life Settlements, Inc., et al.*,
No. 17-cv-7417 (VM) (HBP)

Dear Judge Marrero:

We represent Defendants Vincent Piscaer and Hiren Patel in this action and write regarding the request by Coventry Capital US LLC ("Coventry") to reconsider Your Honor's order of December 17, 2018 denying Coventry's request for a preliminary injunction (Dkt. No. 99, the "PI Order") and in response to Coventry's letter dated January 22, 2019.

Counsel for Coventry, in support of its position that this Court still has jurisdiction over its request for reconsideration, continues to cite two unreported district court cases involving appeals of final judgments. Those cases are inapposite to the situation here: a request for reconsideration of an order denying a preliminary injunction, followed by a notice of appeal that has divested this Court of jurisdiction to rule on that request. Even if the Court were to credit this dubious authority, Coventry's December 28, 2018 letter is merely a *request* to file a Fed. R. Civ. P. 59(e) motion – not a motion in and of itself that would toll Coventry's time to appeal the PI Order under Fed. R. App. P. 4, pending a decision by this Court on the reconsideration request.

Further, while Coventry bases the source of its application on Fed. R. Civ. P. 59, the applicable rule should be Fed. R. Civ. P. 62, which specifically addresses the grant or denial of injunctive relief. Under Fed. R. Civ. P. 62, the proper rubric under which to settle this procedural point is set out in long-standing Second Circuit precedent. *See Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962) (holding that once an appeal is taken of an interlocutory order regarding injunctive relief, "jurisdiction passes to the appellate court"); *State of N.Y. v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 758-59 (2d Cir. 1977) (holding that a

January 24, 2019
Page 2

district court may act only to preserve the status quo of the case while an interlocutory appeal of the denial of a preliminary injunction motion is pending). Coventry has chosen to appeal and must now either pursue that appeal or abandon it.

Coventry correctly notes that the Court – being barred from deciding the request for reconsideration – could issue an indicative ruling under Fed. R. Civ. P. 62.1 and Fed. R. App. P. 12.1. Given the complexity of the interlocking procedural rules involved, there are doubtless other avenues that the Court and the parties could pursue. Regardless of the procedure followed, however, the ineluctable conclusion remains that Your Honor thoroughly considered all of the arguments advanced in the preliminary injunction motion and found that Coventry has not made the requisite showing of irreparable harm. There is no reason to believe that Defendant EEA Life Settlements, Inc. would dissipate its assets to evade a judgment.

We respectfully submit that the well-reasoned and cogent PI Order should be affirmed, whether on appeal or on reconsideration.

Respectfully yours,

*Mark J. Hyland*

cc: Counsel of Record (via email)

SK 29834 0001 8176588

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendant.

SO ORDERED.

1-24-19
DATE    VICTOR MARRERO, U.S.D.J.