LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KENNETH J. BROWN
(202) 434-5818
kbrown@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)



January 25, 2019

**VIA FACSIMILE (212) 805-6382**

The Honorable Victor Marrero
United States District Judge
500 Pearl Street, Suite 1040
New York, NY 10007

    Re:    *Coventry Capital US LLC v. EEA Life Settlements, Inc. et al.*,
           Case No. 1:17-cv-07417-VM-HBP

Dear Judge Marrero:

      I write on behalf of Coventry Capital US LLC ("Coventry") to respond briefly to the January 24, 2019 letters from Defendants EEA Life Settlements, Inc. ("EEA"), Vincent Piscaer, and Hiren Patel.

      We will omit further discussion of the disagreement between Coventry and EEA, of which the Court by now has a robust picture, and focus on a matter on which we hoped the parties could agree. Coventry requests only that EEA commit to retaining 32% of the gross sale price from any sale of the portfolio as assets that would be available to satisfy a judgment in this matter. Coventry does not argue that EEA should be ordered to set aside those funds entirely during the pendency of the case or that it should be precluded from using those funds to continue its business of making investments. Rather, Coventry argues only that the funds should (1) remain in the United States, held by the U.S.-based EEA; and (2) not be committed to satisfy other liabilities, such as taxes or other obligations incurred as a result of any sale. Absent those conditions, the funds would not be available "to make good on the judgment," which is what EEA represented to the Court would happen. *See* Dkt. No. 90 at 18:23–24. The undersigned contacted counsel for EEA to inquire if it might be possible to reach an agreement along these lines, but EEA responded that it is not willing to do so.

      Finally, in response to the letter from the Individual Defendants, there is no doubt that Coventry's motion to reconsider the Court's denial of a motion for a preliminary injunction was properly filed under Federal Rule of Civil Procedure 59(e). *See, e.g., Lichtenberg v. Besicorp*

WILLIAMS & CONNOLLY LLP

Hon. Victor Marrero
January 25, 2019
Page 2

*Grp.*, 204 F.3d 397, 400 (2d Cir. 2000) (Rule 59(e) motions to alter or amend a "judgment" are the proper method for seeking reconsideration of orders regarding motions for preliminary injunctions because "an interlocutory order granting a preliminary injunction is a judgment" as defined in the Federal Rules); *S. Air Crew Grp. v. S. Air, Inc.*, 2009 WL 1795045, at *2 (D. Conn. June 24, 2009) ("Rule 59(e), on the other hand, applies to denials of preliminary injunctions."); *Toth ex rel. Toth v. Bd. of Educ., Queens Dist. 25*, 2007 WL 3034078, at *1 n.1 (E.D.N.Y. Oct. 15, 2007) ("Since an appeal from an interlocutory order granting, refusing, or refusing to dissolve an injunction, is permissible, an interlocutory order denying a preliminary injunction is a judgment within the meaning Rule 59(e)."). Messrs. Piscaer and Patel suggest in their January 24, 2019 letter that Coventry should have moved under Rule 62, entitled "Stay of Proceedings to Enforce a Judgment," but that Rule addresses stays of judgments; stays of injunctions, receiverships, and patent accounting orders; and injunctions pending appeal. It does not apply here.

We appreciate the Court's continued attention to these matters and will be prepared to address them further at the Court's convenience.

Respectfully submitted,

Kenneth J. Brown

Kenneth J. Brown

cc:   Counsel of Record

> The parties are directed to refrain from making any further submission regarding this matter pending the Court's resolution of the dispute relating to the motion for reconsideration.
>
> SO ORDERED.
>
> DATE 1-28-19   VICTOR MARRERO, U.S.D.J.