UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
COVENTRY CAPITAL US LLC,      :
                              :
                  Plaintiff,  :
                              :      17 Civ. 7417 (VM)
     - against -              :
                              :      **DECISION AND ORDER**
                              :
EEA LIFE SETTLEMENTS, INC., et al.,:
                              :
                  Defendants. :
----------------------------------X

**VICTOR MARRERO, United States District Judge.**

On December 17, 2018, the Court denied the motion of plaintiff Coventry Capital US LLC ("Coventry") for a preliminary injunction preventing defendant EEA Life Settlements, Inc. ("EEA") from selling the portfolio of life insurance policies (the "Portfolio") at issue in this case. See Coventry Capital US LLC v. EEA Life Settlements, 17 Civ. 7417, 2018 WL 7080327 (S.D.N.Y. Dec. 17, 2018) ("PI Order"). By letter dated December 28, 2018, Coventry requested, pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), that the Court reconsider its denial. (See "December 28 Letter," Dkt. No. 100.) Coventry argues that the Court denied injunctive relief only because EEA represented that it would retain at least thirty-two percent of the proceeds of any sale of the Portfolio, which could then be used to satisfy a judgment against EEA in this action. (Id. at 1.) Coventry

1

therefore asks the Court to "memorialize that promise in a binding order" directing EEA to retain at least thirty-two percent of the proceeds of any sale of the Portfolio. (Id. at 3.)

By letter dated January 8, 2019, EEA opposed Coventry's request for reconsideration. (See Dkt. No. 105.) First, EEA argues that Coventry's request should be denied because Coventry fails to identify facts or law that the Court overlooked when denying the preliminary injunction motion. (Id. at 1-2.) Second, although EEA acknowledges that it represented that it would retain at least thirty-two percent of the proceeds of any potential sale of the Portfolio, it argues that this representation does not suffice to establish that, in the absence of an injunction formally obliging EEA to retain said proceeds, EEA would likely be judgment proof were it to lose at trial. (Id. at 2-3.)  Therefore, EEA argues, Coventry fails to make the showing of irreparable harm needed for a preliminary injunction. (Id.)

By letter dated January 9, 2019, Coventry replied to EEA's opposition. (See Dkt. No. 106.) Coventry views EEA's resistance to being held to its representation as evidence that EEA would not retain proceeds from a potential sale. (Id. at 1-2.)

The Court held a telephone conference on January 15, 2019, during which the parties agreed to inform the Court by January 22, 2019 as to whether they could reach a stipulation regarding EEA's retention of proceeds from any potential sale of the Portfolio. (See Minute Entry dated January 15, 2019.) The next day, Coventry filed a notice of appeal of the PI Order. (See "Notice of Appeal," Dkt. No. 107.) Because "a notice of appeal ordinarily divests a district court of jurisdiction," Smith v. City of New York, 12 Civ. 8131, 2014 WL 2575778, at *1 n.1 (S.D.N.Y. June 9, 2014), the Court held a telephone conference to discuss the Notice of Appeal's impact. (See Minute Entry dated January 17, 2019.) On that occasion, the parties disagreed on whether the Court has jurisdiction to rule on Coventry's reconsideration request.

By letter dated January 18, 2019, defendants Vincent Piscaer and Hiren Patel (the "Individual Defendants") reiterated their view, expressed during the previous day's telephone conference, that "black-letter law" dictates that the Notice of Appeal divested the Court of jurisdiction over the request for reconsideration. (See Dkt. No. 108.) To support that proposition, the Individual Defendants rely on Ideal Toy Corp. v. Sayco Doll Corp., 302 F.2d 623 (2d Cir. 1962) and New York v. Nuclear Regulatory Commission, 550 F.2d

3

745 (2d Cir. 1977). (See id. at 2.) By letter dated January 22, 2019, EEA joined the Individual Defendants' position as to jurisdiction. (See Dkt. No. 109.) By letter dated January 22, 2019, Coventry argued that the rule defendants cite is inapplicable to a timely filed Rule 59(e) motion for reconsideration that precedes a notice of appeal. (See Dkt. No. 110.)

In their January 22 letters, Coventry and EEA also informed the Court that they could not reach a stipulation regarding the retention of proceeds from a potential sale. (See Dkt. Nos. 109, 110.)

By letter dated January 24, 2019, the Individual Defendants again asserted that the Court lacks jurisdiction to entertain the request for reconsideration. (See Dkt. No. 112.) They argue that Coventry's reconsideration request is governed by Federal Rule of Civil Procedure 62, not Rule 59(e). (Id. at 1-2.) By letter dated January 24, 2019, EEA contended that it never specifically represented that it would retain thirty-two percent of the proceeds of a potential sale as a litigation reserve. (See Dkt. No. 114.)

By letter dated January 25, 2019, Coventry argued that thirty-two percent of the gross sale price from any potential sale of the Portfolio should "remain in the United States,

4

held by the U.S.-based EEA," and "not be committed to satisfy other liabilities, such as taxes or other obligations incurred as a result of any sale." (See Dkt. No. 115.) Coventry believes it properly styled its December 28 Letter as a request to make a Rule 59(e) motion to alter or amend a judgment, because a denial of a preliminary injunction is a "judgment" within the meaning of that rule. (See id. at 2.)

The Court now construes Coventry's December 28 Letter as a motion for reconsideration pursuant to Rule 59(e) and finds that it has jurisdiction to rule on the motion. For the reasons set forth below, Coventry's motion is denied.

The Court first finds that, because the December 28 Letter requests reconsideration of the Court's appealable denial of injunctive relief, it is, in fact, properly analyzed as a Rule 59(e) motion for amendment of a judgment. See 28 U.S.C. § 1292(a)(1) (order denying injunction is appealable); Fed. R. Civ. P. 54(a) (defining "any order from which an appeal lies" as a "judgment"); Lichtenberg v. Besicorp Grp. Inc., 204 F.3d 397, 400 (2d Cir. 2000) (injunction denial is a "judgment" for purposes of the Federal Rules of Civil Procedure).

Second, the Court turns to the jurisdictional question. The Court notes that the Federal Rules of Appellate Procedure

5

were revised in 1993 to provide that "[i]f a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes effective . . . when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). The referenced list includes motions "to alter or amend the judgment under Rule 59." Fed. R. App. P. 4(a)(4)(A)(iv). Defendants do not acknowledge or grapple with this difficulty for their position, citing only pre-1993 case law.

Because (1) Coventry styled its December 28 Letter as a request to make a Rule 59(e) motion for reconsideration, (2) the Court does construe the December 28 Letter as a Rule 59(e) motion for reconsideration, and (3) the December 28 Letter was timely filed and still pending when Coventry filed the Notice of Appeal, the Court concludes that the Notice of Appeal is not yet effective. See Fed. R. App. P. 4(a)(4)(B)(i). The Court therefore finds that it has jurisdiction to proceed to the merits of Coventry's Rule 59(e) motion.

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Davidson v. Scully, 172 F. Supp.

6

2d 458, 461 (S.D.N.Y. 2001). When the Court denied Coventry's motion for a preliminary injunction, it was aware of EEA's representation that it would retain at least thirty-two percent of the proceeds from any sale of the Portfolio. However, that representation was not, in fact, the "premise[]" of the Court's conclusion that Coventry failed to establish irreparable harm. (December 28 Letter at 1.) That conclusion was instead premised on Coventry's failure to clearly show a likelihood based on the facts on the record -- rather than a speculative possibility or conclusory statement -- that, absent an order enjoining any sale of the Portfolio, EEA would be unable to satisfy a monetary damages award were it to lose at trial. See Coventry Capital US LLC, 2018 WL 7080327, at *2. Indeed, as Coventry itself puts it, the fact that the Portfolio is EEA's sole asset raises only a "concern" or "prospect" that EEA "could" or "well may" be compelled to distribute proceeds of a potential sale to its foreign parent. (December 28 Letter at 2-3.)

The Court continues to find that Coventry has failed to identify clear evidence making a convincing showing of a threat or intent to render EEA judgment proof. For example, is it certain there are no legal restrictions on EEA's ability to dispose of all of its assets and thus render itself

judgment proof? Has discovery produced evidence establishing that, upon a sale of the portfolio, EEA would have no control over the disposition of proceeds, other than being legally obligated to turn them over to its parent company? Is there evidence that the parent company could not be bound to satisfy a judgment rendered against EEA, by means, for instance, of corporate veil-piercing principles? Because these are threshold factual questions, convincing answers could serve as a basis for a renewed motion by Coventry raising grounds for injunctive relief.

### ORDER

Accordingly, it is hereby

**ORDERED** that the motion so deemed by the Court as filed by plaintiff Coventry Capital US LLC pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 100) seeking reconsideration of the Court's order denying a preliminary injunction (Dkt. No. 99) is **DENIED**.

**SO ORDERED.**

Dated:    New York, New York
          29 January 2019

                                        Victor Marrero
                                        U.S.D.J.

8