LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

BENJAMIN N. HAZELWOOD
(202) 434-5159
bhazelwood@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 4, 2019

**VIA ECF**

The Honorable Henry Pitman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Coventry Capital US LLC v. EEA Life Settlements, Inc., et al.*, **Civil Action No. 1:17-cv-07417-VM-HBP**

Dear Judge Pitman:

Pursuant to Local Rule 37.2, I write on behalf of Plaintiff Coventry Capital US LLC ("Coventry") to request a pre-motion conference concerning Defendant EEA Life Settlements, Inc. ("EEA, Inc.")'s refusal to comply with the Court's March 29, 2018 and May 11, 2018 orders permitting Coventry to take a three-hour deposition of EEA, Inc.'s director, Christopher Daly.

On February 8, 2018, Coventry moved to compel EEA, Inc. to produce documents held by EEA Fund Management (Guernsey) Limited ("EEA Guernsey") and EEA Fund Management Limited ("EEA UK"). *See* Letter from K. Brown to Judge Pitman (Dkt. No. 66-13). Coventry argued, among other things, that EEA, Inc. is able to access those documents in the ordinary course of business. *See id.* at 4. On March 29, 2018, the Court denied that motion without prejudice and permitted Coventry to take "discovery concerning discovery" on EEA, Inc.'s practical ability to obtain documents from its affiliates in Guernsey and the United Kingdom. *See* Mar. 29, 2018 Order (Dkt. No. 47) at 5–7. The Court made clear during a May 11, 2018 hearing that this discovery could include a deposition, "limited to three hours," of Mr. Daly regarding these matters.[1] Tr. of May 11, 2018 Hr'g (Dkt. No. 62) at 46:22–47:12. EEA, Inc., however, has refused to make Mr. Daly available for such a deposition.

---

[1] This deposition would be in addition to a full, seven-hour merits deposition of Mr. Daly.

Hon. Henry Pitman
June 4, 2019
Page 2

      The parties have met and conferred concerning this issue. EEA, Inc. takes the position that the Court's orders have been superseded by the matters currently pending before Judge Marrero on Coventry's objections to this Court's January 24, 2019 order. That is incorrect. The motions before Judge Marrero primarily concern Defendants Vincent Piscaer and Hiren Patel. They concern EEA, Inc. only with respect to a contract between EEA, Inc. and EEA Guernsey, which Coventry contends give EEA, Inc. the right to demand certain documents from EEA Guernsey. By contrast, the Court-ordered deposition of Mr. Daly relates to EEA, Inc.'s past and present ability to access documents held by EEA UK and EEA Guernsey in the ordinary course of business.

      EEA, Inc. also suggested that Coventry should await Judge Marrero's decision on Coventry's pending objections. But it is impossible to know whether Judge Marrero's decision will affect the need to depose Mr. Daly. And the Defendants in this case have pressed their view that discovery should proceed quickly. *See, e.g.*, Letter from M. Hyland to Hon. Pitman (Dkt. No. 131) at 1–2. There is therefore no reason to delay this single, discrete deposition. The deposition of Mr. Daly thus stands in contrast to Coventry's potential Hague Convention requests, which may properly await Judge Marrero's ruling under the well-recognized rule that parties may "employ Rule 34 without first resorting to the Hague Convention," *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 182 (S.D.N.Y. 2006) (internal quotation marks omitted), due to the arduous process and potentially more-limited nature of Hague Convention relief, *Laydon v. Mizuho Bank, Ltd.*, 183 F. Supp. 3d 409, 422 (S.D.N.Y. 2016).

      We appreciate the Court's attention to these matters and are prepared to address them further at the Court's convenience.

      Sincerely,

      Benjamin N. Hazelwood

cc:    Counsel of Record