# ALSTON & BIRD

90 Park Avenue
New York, NY  10016
212-210-9400 | Fax: 212-210-9444

Karl Geercken                Direct Dial:  212-210-9471                Email:  karl.geercken@alston.com

June 7, 2019

**VIA ECF**

The Honorable Henry Pitman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Coventry Capital v. EEA Life Settlements Inc.*, **No. 17-cv-07417**

Dear Judge Pitman:

      We represent Defendant EEA Life Settlements, Inc. ("EEA Inc.") in the above referenced matter and write in response to the letter of Plaintiff Coventry Capital US LLC ("Coventry"), dated June 4, 2019.  As set forth below, we respectfully submit that Coventry's belated attempt to take a limited deposition of Mr. Daly is improper and should be denied.  Alternatively, consideration of this issue should await Judge Marrero's ruling on Coventry's objections to Your Honor's January 24, 2019 Order.

1. <u>The Late Request for Mr. Daly's Limited Deposition Is Improper.</u>

      Coventry has waited well over a year from the Court's March 29, 2018 Order allowing Coventry to "conduct discovery concerning the issue of Defendants' access to the documents of the Guernsey Manager, the Fund, EEA UK and EEA Holdings" (Dkt. No. 47 at pp. 6-7) to try to schedule Mr. Daly's deposition.  The context of Your Honor's Order permitting a limited deposition of Mr. Daly was to allow discovery on discovery relating to EEA Inc.'s access to documents abroad.  But Coventry already chose to litigate that very issue when it filed multiple motions to compel the productions of documents abroad.  And Coventry did so *without* seeking the limited deposition of Mr. Daly.  Coventry's belated request now for that limited deposition is a transparent attempt to try to find a basis to re-litigate the very issues related to foreign access to documents that Your Honor was already forced to resolve by the January 24, 2019 Order.  This belated and blatant attempt to end-run around Your Honor's January 24 Order is improper and should not be countenanced. Indeed, this Court has routinely found that once an issue has been decided, that same issue should not be re-litigated. *See SEC v. Yorkville Advisors, LLC*, Case No. 12-cv-7728, 2015 U.S. Dist. LEXIS 24578, **19-20 (S.D.N.Y. Feb. 27, 2015) (Pitman, J.) (rejecting SEC's argument that their privilege logs were justified in a response to a motion to compel

Alston & Bird LLP                                                                                                                      www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

VIA ECF
Page 2

because the Court had "already determined that the SEC's failure to serve sufficient privilege logs, based upon those arguments, was 'unjustified.'"); *N.V. Organon v. Elan Pharms., Inc.*, Case No. 99-cv-11674, 2000 U.S. Dist. LEXIS 15394 (S.D.N.Y. Oct. 20, 2000) (denying resubmitted motion to compel production of a draft settlement agreement where petitioner "again attempt[ed] to bolster its argument by reference to an alleged first draft of the settlement agreement" and where "[t]his [c]ourt has already determined that the drafts collectively embodied impressions of counsel, and are therefore covered by the work-product privilege.").

2. Alternatively, Given Coventry's Delay, the Issue Should Await Judge Marrero's Ruling.

If the Court is not inclined at this time to deny Coventry's request for a limited deposition of Mr. Daly outright, EEA Inc. contends that the parties should simply wait until Judge Marrero has rendered a decision on Coventry's objections to Your Honor's January 24, 2019 Order (Dkt. No. 111) to determine whether such a deposition regarding EEA Inc.'s practical ability to obtain documents located at EEA Fund Management (Guernsey) Limited (the "Guernsey Manager") and EEA Fund Management Limited ("EEA UK") may even be necessary. A decision from Judge Marrero sustaining Coventry's objections to the January 24 Order could very well obviate the need to conduct such a deposition. As a result, any consideration of this deposition (including scheduling the same) is premature given Coventry's delay. In fact, even if Judge Marrero were to overrule Coventry's objections to the January 24 Order (as we believe he should), Coventry admits that it nonetheless intends to seek discovery under the Hague Convention (*see* Dkt. No. 132). Accordingly, it will likely be able to obtain the information it seeks from the Guernsey Manager and EEA UK directly; thus also rendering the limited deposition of Mr. Daly superfluous.

We appreciate the Court's continued attention to these matters and will be prepared to discuss them further at the Court's convenience.

Respectfully submitted,

Karl Geercken

cc: Counsel of Record