LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

BENJAMIN N. HAZELWOOD
(202) 434-5159
bhazelwood@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 11, 2019

**VIA ECF**

The Honorable Henry Pitman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Coventry Capital US LLC v. EEA Life Settlements, Inc., et al.*, **Civil Action No. 1:17-cv-07417-VM-HBP**

Dear Judge Pitman:

      I write on behalf of Coventry Capital US LLC ("Coventry") to reply briefly to the June 7, 2019 letter from Defendant EEA Life Settlements, Inc. ("EEA, Inc."). EEA, Inc. first argues that Coventry is trying to relitigate the matters on which Your Honor previously ruled, and which currently are pending before Judge Marrero. That is not true. As EEA, Inc. notes, the three-hour deposition of Mr. Daly would concern "EEA Inc.'s practical ability to obtain documents located at EEA Fund Management (Guernsey) Limited [('EEA Guernsey')] and EEA Fund Management Limited ('EEA UK')." Dkt. No. 134 at 2. The issues currently before Judge Marrero, in contrast, are (1) the *Individual Defendants'* practical ability to obtain such documents; and (2) EEA, Inc.'s *contractual* entitlement to documents held by EEA Guernsey. Those issues were raised by a different motion than the one which resulted in the order permitting the three-hour deposition of Mr. Daly. Neither Your Honor nor Judge Marrero has ruled on whether EEA, Inc. has the practical ability to access documents held by EEA Guernsey or EEA UK.

      Nor is there any reason to delay Mr. Daly's deposition until Judge Marrero rules on those distinct issues. Although EEA, Inc. is correct that Coventry will seek documents under the Hague Convention if its objections are overruled, that possibility should not be used to delay Mr. Daly's deposition. Coventry is committed to advancing this matter as quickly as reasonably possible, and the three-hour Daly deposition should not wait for any potentially more limited requests submitted under the Hague Convention. Further, given EEA, Inc.'s contention that obtaining documents under the Hague Convention would "render[] the limited deposition of Mr. Daly superfluous,"

Hon. Henry Pitman
June 11, 2019
Page 2

Dkt. No. 134 at 2, it seems that EEA, Inc. is committed to opposing this Court-ordered deposition under any circumstances, using whatever events are occurring in the case as an excuse to justify that result.

EEA, Inc. also argues that "[a] decision from Judge Marrero sustaining Coventry's objections to the January 24 Order could very well obviate the need to conduct such a deposition"—presumably because Coventry would receive the sought-after documents from EEA Guernsey and EEA UK. But that position belies the arguments Defendants previously (and successfully) made to this Court in opposing Coventry's motions to compel and for sanctions. In that briefing, the Individual Defendants told the Court that they "simply do not have the practical ability to obtain [the requested] documents," Dkt. No. 70 at 10, and EEA, Inc. told the Court that "EEA Inc. cannot produce what it simply does not have the ability to access." Dkt. No. 71 at 5. Now, to avoid making Mr. Daly available for a Court-ordered deposition, EEA, Inc. claims that it could be rendered unnecessary because Judge Marrero may order the production of those very documents.

We appreciate the Court's attention to these matters and are prepared to address them further at the Court's convenience.

Sincerely,

Benjamin N. Hazelwood

cc: Counsel of Record