LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KENNETH J. BROWN
(202) 434-5818
kbrown@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 16, 2019

**VIA ECF**

The Honorable Henry Pitman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:   *Coventry Capital US LLC v. EEA Life Settlements, Inc., et al.,*
            **Civil Action No. 1:17-cv-07417-VM-HBP**

Dear Judge Pitman:

    I write on behalf of Plaintiff Coventry Capital US LLC ("Coventry") and Defendants EEA Life Settlements, Inc. ("EEA, Inc."), Vincent Piscaer, and Hiren Patel to jointly and respectfully request an extension of the schedule in this matter.

    On February 14, 2019, Coventry sought a four-month extension of the then-existing deadlines in this case, explaining:

> On January 24, 2019, the Court denied Coventry's motions (1) for sanctions against Defendants Vincent Piscaer and Hiren Patel, and (2) to compel Defendant EEA Life Settlements, Inc. to produce documents within its possession, custody, or control. *See* Dkt. No. 111. On February 7, 2019, Coventry filed its objections to the Court's order with Judge Marrero, Dkt. No. 121, whose ruling on those objections will resolve key issues regarding the scope of discovery. This ruling necessarily will affect the other, fast-approaching discovery deadlines in this case. If these objections are sustained, an extension of approximately four months will be needed for (1) the Defendants to produce additional documents, and (2) the parties to subsequently complete deposition discovery.
>
> If the objections are overruled, Coventry may pursue relief under the Hague Convention, as the Court suggested in its Order. *See* Dkt. No. 111 at 17, 19. Coventry

properly "employ[ed] Rule 34 without first resorting to the Hague Convention," *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 182 (S.D.N.Y. 2006) (internal quotation marks omitted), because the Hague Convention's process is arduous and rarely yields the same relief as Rule 34. *See, e.g.*, *Laydon v. Mizuho Bank, Ltd.*, 183 F. Supp. 3d 409, 422 (S.D.N.Y. 2016). As the Court also noted, that process "can be time consuming." Dkt. No. 111 at 17. Accordingly, if Coventry does seek relief under the Hague Convention, it may be necessary to consider a further extension. Coventry believes, however, that the appropriate course is to consider that issue only if and when it becomes necessary to do so.

Dkt. No. 123 (Letter from K. Brown to Hon. Pitman) at 1–2. Defendants did not oppose this extension, and the Court "so-ordered" it the day it was submitted. *See* Dkt. No. 124 (Feb. 14, 2019 Order) at 2.

Three months later, on May 15, 2019, Coventry and EEA, Inc. sought another three-month extension of the then-existing case deadlines, explaining that "[t]he circumstances that led to this extension have not changed in the three months since February 14, as Coventry's objections remain pending before Judge Marrero." Dkt. No. 130 (Letter from K. Brown to Hon. Pitman) at 2. The Court entered that extension as well. *See* Dkt. No. 132 (May 20, 2019 Order).

During the July 19, 2019 discovery conference, counsel for Coventry noted for the Court that the circumstances of the case still had not changed, and relayed the parties' plan to propose a further extension upon the earlier of (a) receiving a decision from Judge Marrero, or (b) mid-August. Approximately one month has passed, and Coventry's objections remain pending before Judge Marrero. Meanwhile, Coventry has submitted Hague Convention requests to the Court, per the Court's order following the July 19 conference. *See* Dkt. No. 138 (July 19, 2019 Order). Because the circumstances that led the parties to seek the previous extensions remain largely the same, the parties respectfully request a four-month extension of the existing case deadlines. The parties jointly propose the following schedule:

| Event | Current Date[1] | Proposed Date |
|---|---|---|
| Requests for Admission to be served | September 16, 2019 | January 16, 2020 |
| Close of fact discovery | October 16, 2019 | February 17, 2020 |
| Expert reports due (for party bearing the burden of proof) | November 25, 2019 | March 25, 2020 |
| Rebuttal expert reports | December 23, 2019 | April 23, 2020 |
| Close of expert discovery | January 31, 2020 | June 1, 2020 |
| Deadline for parties to attend settlement conference | February 14, 2020 | June 15, 2020 |

Finally, the parties recognize that a further extension to the case schedule may be necessary depending upon (a) the timing of Judge Marrero's ruling on Coventry's objections, and (b) the amount of time it takes to process and resolve Coventry's requests under the Hague Convention.

---

[1] *See* Dkt. No. 132 (May 20, 2019 Order).

Hon. Henry Pitman
August 16, 2019
Page 3

The parties believe, however, that the appropriate course is to consider those issues only if and when it becomes necessary to do so.

      We appreciate your attention to these matters and will be prepared to address them further, if helpful, at the Court's convenience.

                                      Respectfully submitted,

                                      Kenneth J. Brown

cc:       Counsel of Record