UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COVENTRY CAPITAL US LLC,

                Plaintiff,

against

EEA LIFE SETTLEMENTS INC., et al,

                Defendants.

CIVIL ACTION NO.: 17 Civ. 7417 (VM) (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court in this breach of contract action is the Letter-Motion of Plaintiff Coventry Capital US LLC ("Coventry") (ECF No. 145) seeking leave to renew its February 8, 2018 motion to compel Defendant EEA Life Settlements, Inc. ("EEA Inc.") to produce documents held by its affiliates, EEA Fund Management Limited ("EEA UK"), EEA Fund Management (Guernsey) Limited ("Guernsey Manager"), and EEA Life Settlements Fund PCC Limited (the "Fund"). (See ECF Nos. 41–42). The Honorable Henry B. Pitman denied Coventry's motion based on EEA Inc.'s representation that it did not have access in the ordinary course of business to the requested documents, but permitted Plaintiff to depose Christopher Daly, one of EEA Inc.'s directors, on questions of EEA Inc.'s access to documents of EEA UK, Guernsey Manager, and the Fund. (ECF Nos. 47, 138–139). Having taken Mr. Daly's deposition, Coventry seeks to renew the motion to compel EEA Inc. to produce documents of EEA UK and the Fund. (ECF No. 145). For the reasons set forth below, the Court finds that no further briefing is necessary, grants Coventry's request to compel, and orders EEA Inc. to search for and produce responsive documents held by EEA UK and the Fund.

# I. BACKGROUND

## A. Factual Background

Coventry alleges in its complaint that the "Defendants engaged in a pattern of fraudulent conduct aimed at undermining the negotiation of a contract to sell a portfolio of life insurance policies to Coventry." (Decision & Order dated Nov. 1, 2019 ("Nov. 1 Decision") at 1, ECF No. 149). Coventry asserts a breach of contract claim against EEA Inc., fraud and intentional misrepresentation against all Defendants, and aiding and abetting fraud and intentional misrepresentation against Vincent Piscaer and Hiren Patel (the "Individual Defendants"). (Complaint, ECF No. 31).

"EEA Inc. is a Delaware corporation wholly owned by EEA Life Settlement Master Fund II Limited, which is itself wholly owned by EEA Life Settlements Holdings Limited ("EEA Holdings")." (Nov. 1 Decision at 2). The Fund wholly owns EEA Holdings. (Id.). Pursuant to an investment management agreement (the "Management Agreement") between the Fund and Guernsey Manager, Guernsey Manager manages the Fund, EEA Holdings, EEA Life Settlement Master Fund II Limited, and EEA Inc. (Id. at 2–3). Pursuant to a marketing agreement between Guernsey Manager and EEA UK, EEA UK acts as marketing agent for the Fund. (Id. at 3). Anath Capital Group Limited ("Anath") wholly owns Guernsey Manager and EEA UK. (Id.). Defendant Patel is a director of EEA UK, the Managing Director of EEA UK, and a director of Anath. (Id.). Defendant Piscaer is a director of Guernsey Manager and Head of Alternative Investments for EEA UK. (Id.).

A dispute arose between the parties regarding Coventry's requests to Defendants for documents concerning EEA Inc.'s business dealings with Coventry that are in the possession of

Guernsey Manager and EEA UK. (Id.). On January 24, 2019, Magistrate Judge Pitman initially denied Coventry's motion to compel production of those documents and impose sanctions on the Individual Defendants. (ECF No. 111). After briefing on Coventry's objections, the Honorable Victor A. Marrero sustained Coventry's objection, set aside Magistrate Judge Pitman's order, ordered that Coventry was entitled to an adverse inference should the Individual Defendants fail to produce the requested documents from Guernsey Manager and EEA UK, and ordered EEA Inc. to produce documents from Guernsey Manager. (Nov. 1 Decision at 11–14). Judge Marrero rejected the arguments that the Individual Defendants lacked access to the requested documents simply because Guernsey Manager and EEA UK had denied their requests for the documents in this litigation, and found that the Individual Defendants' status as directors established that they had "'the ability in the ordinary course of business to obtain' the documents." (Nov. 1 Decision at 9 (quoting In re Application of Bloomfield Inv. Res. Corp., 315 F.R.D. 165, 168 (S.D.N.Y. 2016)). Citing to the terms of the Management Agreement, Judge Marrero further found that those terms "evince a clear contractual obligation on the part of the Guernsey Manager sufficient to place the documents in EEA [Inc.'s] 'control.'" (Nov. 1 Decision at 12–13 (quoting Mazzei v. Money Store, No. 01 Civ. 5694 (JGK) (RLE), 2014 WL 3610894, at *3 (S.D.N.Y. July 21, 2014)).

The Individual Defendants have moved for reconsideration of the Nov. 1 Decision. (ECF Nos. 155–156).

**B. Discovery Dispute**

Coventry seeks to renew its motion to compel EEA Inc. to search for responsive documents held by EEA UK and the Fund based principally on Mr. Daly's deposition testimony.[1] (ECF No. 145). Mr. Daly, who is a director of EEA Inc., testified that he was not aware of any occasion on which the Fund, EEA UK, or Guernsey Manager denied any request he made for access to information. (Daly Dep. 67:17–71:5, ECF No. 145-5). He also described regularly receiving, electronically or in hard copy, information from the Fund and EEA UK. (Id. at 63:9–65:13). He recalled seeing internal communications among personnel at Guernsey Manager, EEA UK, and the Fund, as well as other materials provided to the Fund's board, regarding the transaction with Coventry that is at issue in this action. (Id. at 65:14–67:2). Mr. Daly testified that it was "standard" for him to receive internal Guernsey Manager documents relating to transactions or negotiations. (Id. at 117:12–15). Coventry argues that Mr. Daly's testimony undercuts EEA Inc.'s representations that it did not "possess" or "have the practical ability to obtain documents" in the possession of the Fund and EEA UK, and shows that EEA Inc. has "control" within the meaning of Fed. R. Civ. P. 34(a). (ECF No. 145 at 3 (quoting ECF No. 47 at 5)). Coventry points out that this conclusion is consistent with EEA Inc.'s assertion in its initial disclosures that it had access to its affiliates' documents and its waiver of the issue of access in its responses to Coventry's document requests. (ECF No. 145-1 at 3–4).

EEA Inc. maintains that it lacks the practical ability to obtain documents from the Fund and EEA UK, and Mr. Daly's testimony does not show to the contrary. (ECF No. 152 at 2–3).

---

[1] During the telephone conference with the Court on November 25, 2019, EEA Inc. clarified that it only seeks to compel EEA Inc. to search as to EEA UK and the Fund, not EEA Holdings or Guernsey Manager.

EEA Inc. also argues that the only proper route for Coventry to obtain the documents from those entities is through a request under the Hague Evidence Convention, which, it claims, Coventry unreasonably delayed commencing. (Id. at 2).

## II. DISCUSSION

### A. Legal Standards

"A party may serve on any other party a request [to produce documents] within the scope of Rule 26(b)" that are in the other party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). The responding party then must produce the requested documents "or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). If a party fails to make a disclosure required by Rule 26(a), or makes an incomplete disclosure, any other party may move to compel disclosure. Fed. R. Civ. P. 37(a). "Motions to compel, pursuant to Rule 37, are left to the sound discretion of the court." See Christine Asia Co. v. Alibaba Grp. Holding Ltd., 327 F.R.D. 52, 54 (S.D.N.Y. 2018) (internal citations omitted). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012).

The party seeking the production bears the burden of establishing control. Sicav v. Wang, No. 12 Civ. 6682 (PAE), 2014 WL 2624753, at *4 (S.D.N.Y. June 12, 2014); DeSmeth v. Samsung Amer., Inc., No. 92 Civ. 3710 (LBS) RLE, 1998 WL 74297, at *9 (S.D.N.Y. Feb. 20, 1998). "Control," for purposes of Rule 34(a), is not limited to situations where managerial power exists or where the facts are sufficient to pierce the corporate veil; control can also be established where "there is access to documents when the need arises in the ordinary course," "where the subsidiary was the marketer and servicer of the parent's product in the United States," or where there is "close

coordination" between the US-based party and the foreign corporation. DeSmeth, 1998 WL 74297, at *10 (internal citations omitted).

### B. Application

Here, the Court finds that EEA Inc. has the ability to "access [] documents when the need arises in the ordinary course" from the Fund and EEA UK and therefore has "control" within the meaning of Rule 34(a). Id. In his deposition, Mr. Daly testified to several instances in which he received, either on request or in the ordinary course of business, documents and information from the Fund and EEA UK. (See supra p. 4). This demonstrated ability to access documents at the Fund and EEA UK distinguishes the circumstances in this case from those in In re Application of Potanina, Nos. 14 Misc. 31 (LAP), 14 Misc. 57 (LAP), 2015 WL 4476612, at *2–3 (S.D.N.Y. June 30, 2015). EEA Inc.'s protestations that it lacks the "practical ability" to access documents at the Fund and EEA UK therefore appear to be the same type of "unilaterally imposed restriction" that Judge Marrero has already concluded do "not supply a valid defense to production." (Nov. 1 Decision at 9–10). Accordingly, EEA Inc. must search for and produce documents responsive to Coventry's requests even if those documents are maintained by the Fund and EEA UK.

## CONCLUSION

For the reasons set forth above, EEA Inc. is **ORDERED** to search for and produce responsive documents held by EEA UK and the Fund.

Dated: New York, New York
November 26, 2019

SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**