# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COVENTRY CAPITAL US LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EEA LIFE SETTLEMENTS, INC.,<br>HIREN PATEL, and VINCENT PISCAER,<br><br>    Defendants. | No. 17-cv-07417-VM-SLC<br><br>**AMENDED PROTECTIVE ORDER** |

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants—shall adhere to the following terms, upon pain of contempt:

1.  Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2.  The person producing any given Discovery Material may designate as "Confidential" Discovery Material that includes:

    (a)  previously nondisclosed financial information;

    (b)  previously nondisclosed material relating to ownership or control of any nonpublic company;

(c) information regarding the identities of brokers, agents, producers, other intermediaries, or funders/investors;

(d) previously nondisclosed business plans, product development information, or marketing plans;

(e) any information of a personal or intimate nature regarding any individual, including medical information;

(f) information regarding the identities of brokers, agents, producers, other intermediaries, or funders/investors;

(g) non-public, confidential, proprietary or commercial information or other information protected under foreign confidentiality and privacy laws; or

(h) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as "Highly Confidential — Attorneys' Eyes Only" Discovery Material that includes trade secret information, including (i) proprietary pricing models, valuation methodologies and any outputs therefrom; or (ii) mortality tables, assumptions, or experiences.

4. With respect to Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such Discovery Material as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" by stamping or otherwise clearly marking the Discovery Material as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or Highly Confidential — Attorneys' Eyes Only information, in which case the transcript of the designated testimony shall be bound in a separate volume and

marked "Confidential Information Governed by Protective Order" or "Highly Confidential — Attorneys' Eyes Only Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential — Attorneys' Eyes Only, the producing person may so designate by so apprising all parties in writing the Discovery Material will thereafter be treated as Confidential or Highly Confidential — Attorneys' Eyes Only under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, secretarial, clerical and other assistant employed by such counsel and assigned to this matter;

(c) the parties' in-house counsel, including any paralegal, secretarial, clerical and other personnel assisting such counsel;

(d) the parties' officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, and his or her employees or assistants, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) the Court and its support personnel.

7. Information and documents designated as Highly Confidential — Attorneys' Eyes Only shall not be disclosed, except by the prior written consent of the producing party or pursuant to further order of this Court, to any person other than:

(a) counsel retained specifically for this action, including any paralegal, secretarial, clerical and other assistant employed by such counsel and assigned to this matter;

(b) the parties' in-house counsel, including any paralegal, secretarial, clerical and other personnel assisting such counsel;

(c) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, and his or her employees or assistants, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g)     the Court and its support personnel.

8.      No person subject to this Order other than the producing person shall use any of the Discovery Material designated by the producing person as Confidential or Highly Confidential — Attorneys' Eyes Only for any purpose other than the prosecution or defense of the above-captioned case.

9.      Prior to any disclosure of any Discovery Material to any person referred to in subparagraphs 6(f), 6(g), 7(c) or 7(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel at opposing counsel's request either immediately prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.     In the event disclosure of Confidential or Highly Confidential — Attorneys' Eyes Only Discovery Material is sought by a nonparty through any means that may legally require production, such as through a lawful subpoena or other compulsory process, discovery in other litigation, via a request for public records pursuant to any applicable federal, state, or local law, or if required to produce by law or by any government agency having jurisdiction ("Third Party Request"), the person receiving the Third Party Request shall notify the producing person as soon as reasonably possible and provide the producing person an opportunity to take appropriate measures to protect against the disclosure. Upon receiving such notice, the producing person will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so. No disclosure of Confidential or Highly Confidential — Attorneys' Eyes Only Discovery Material shall be made to a nonparty

through a Third Party Request absent agreement of the producing person or court order compelling disclosure.

11.     Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential — Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as Confidential or Highly Confidential — Attorneys' Eyes Only and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, or otherwise disposed of as reasonably agreed to by the producing person. Counsel for each party may maintain copies of any work product, regardless of whether it includes Confidential or Highly Confidential — Attorneys' Eyes Only Discovery Material.

13.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: July 20, 2020

| | |
|---|---|
| WILLIAMS & CONNOLLY LLP | ALSTON & BIRD LLP |
| /s/ Kenneth J. Brown | /s/ Karl Geercken |
| Kenneth J. Brown (*pro hac vice*) | Karl Geercken |
| William P. Ashworth (*pro hac vice*) | Steven L. Penaro |
| Benjamin N. Hazelwood (*pro hac vice*) | Kristen C. Kuan |
| 725 Twelfth Street, N.W. | 90 Park Avenue |
| Washington, DC 20005 | New York, NY 10016 |
| Tel: 202-434-5000 | Tel: (212) 210-9400 |
| Fax: 202-434-5029 | Fax: (212) 210-9444 |
| kbrown@wc.com | karl.geercken@alston.com |
| washworth@wc.com | steve.penaro@alston.com |
| bhazelwood@wc.com | kristen.kuan@alston.com |

*Attorneys for Defendant EEA Life Settlements, Inc.*

For Matters in New York:
WILLIAMS & CONNOLLY LLP
650 Fifth Avenue
Suite 1500
New York, NY 10019

*Attorneys for Plaintiff*

SEWARD & KISSEL LLP

/s/ Mark Hyland
Mark Hyland
Laura Miller
Paul Koepp
Tel: (212) 574-1200
Fax: (212) 480-8421
hyland@sewkis.com
millerl@sewkis.com
koepp@sewkis.com

*Attorneys for Defendants Vincent Piscaer and Hiren Patel*

**IT IS SO ORDERED.**

Dated: July 21, 2020

_____
Sarah L. Cave, U.S. Magistrate Judge

7

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COVENTRY CAPITAL US LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>EEA LIFE SETTLEMENTS, INC.,<br> HIREN PATEL, and VINCENT PISCAER,<br><br>                    Defendants. | No. 17-cv-07417-VM-SLC<br><br>**NON-DISCLOSURE AGREEMENT** |

     I, _____ acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material to anyone other than as provided for in the Protective Order and that at the conclusion of the litigation I will comply with the terms of paragraph 12 of the Protective Order related to the possible return or destruction of all Discovery Material. I further agree that I will not use such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material for any purpose other than the prosecution or defense of the above-captioned case. I also agree to notify any secretarial, clerical or supporting personnel who are required to assist me of the terms of said Order and to take steps to ensure their compliance with the terms of the Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

     Dated: _____                           _____