```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
COVENTRY CAPITAL US LLC,           :
                                   :
                    Plaintiff,     :
                                   :
     - against -                   :
                                   :
EEA LIFE SETTLEMENTS, INC., HIREN  :
PATEL, and VINCENT PISCAER,        :
                                   :
                    Defendants.    :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/15/2021

17 Civ. 7417 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On September 28, 2017, Plaintiff Coventry Capital US LLC ("Coventry") commenced this suit against EEA Life Settlements, Inc. ("EEA"), Hiren Patel, and Vincent Piscaer (collectively, "Defendants"), bringing claims of breach of contract, fraud/intentional misrepresentation, and aiding and abetting fraud/intentional misrepresentation. (See "Complaint," Dkt. No. 1.) The matter was referred to Magistrate Judge Pittman to oversee general pretrial issues, including scheduling, discovery, nondispositive pretrial motions, and settlement, and the referral was subsequently transferred to Magistrate Judge Cave. (See Dkt. No. 25; Dkt. Entry October 3, 2019.)

Now before the Court is Coventry's objection ("Objection," Dkt. No. 263) to two rulings in Magistrate Judge Cave's December 16, 2020 discovery order ("Discovery Order,"

Dkt. No. 262). For the reasons discussed below, Coventry's Objection is **OVERRULED** in its entirety.

## I.   <u>STANDARD OF REVIEW</u>

"Matters concerning discovery generally are considered 'nondispositive' of the litigation." <u>Thomas E. Hoar, Inc. v. Sara Lee Corp.</u>, 900 F.2d 522, 525 (2d Cir. 1990); <u>accord</u> <u>David v. Weinstein Co. LLC</u>, No. 18 Civ. 5414, 2020 WL 4042773, at *3 (S.D.N.Y. July 17, 2020). A magistrate judge's order granting or denying a nondispositive motion may be overturned only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

"An order is 'clearly erroneous' when the entire evidence leaves the district court 'with the definite and firm conviction that a mistake has been committed.'" <u>Nike, Inc. v. Wu</u>, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) (quoting <u>FDIC v. Providence Coll.</u>, 115 F.3d 136, 140 (2d Cir. 1997)). And "[a]n order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." <u>Id.</u> (internal quotation marks omitted).

"[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." <u>Winfield v. City of New York</u>, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (internal quotation marks and citation omitted).

"Thus, the party seeking to overturn a magistrate judge's decision carries a heavy burden." <u>Weinstein</u>, 2020 WL 4042773, at *3 (internal quotation marks and alterations omitted).

## II.  <u>DISCUSSION</u>

The Objection challenges two aspects of the Discovery Order. First, Coventry objects to the denial of its motion to compel the production of documents from six individuals. Second, Coventry objects to the denial of its motion to compel responses to interrogatories concerning EEA's asset transfers.

A.  <u>MOTION TO COMPEL PRODUCTION FROM CERTAIN INDIVIDUALS</u>

In proceeding to Phase II of discovery, Coventry moved for discovery from seven additional custodians who had been identified on EEA's Federal Rule of Civil Procedure ("Rule") 26(a)(1) initial disclosures. Judge Cave granted the request to include one individual -- Barry John -- as a Phase II custodian, explaining that Coventry had met its burden of showing that a search of his documents would provide unique, relevant, and noncumulative evidence. (<u>See</u> Discovery Order at 13.) With respect to the remaining six individuals, however, Judge Cave denied the request, explaining that "the remaining Phase II custodians either played a less active role, or, in the case of Mr. Harrop, as General Counsel, were copied on emails that appear to have largely been captured and produced

3

in the Phase I productions," rendering it "disproportionate to permit the remaining Phase II Custodians in light of the discovery already produced by the Phase I custodians." (Id. (citing Assured Guar. Mun. Corp. v. UBS Real Estate Sec. Inc., No. 12 Civ. 1579, 2013 WL 1195545, at *3 (S.D.N.Y. Mar. 25, 2013)).)

This ruling is neither "clearly erroneous" nor "contrary to law." The Court is unpersuaded by Coventry's argument that when an individual is identified on a party's Rule 26(a)(1) disclosures, the opposing party must always be permitted to obtain documents from that person. To the contrary, "[a]ll discovery, even if otherwise permitted by the Federal Rules of Civil Procedure because it is likely to yield relevant evidence, is subject to the court's obligation to balance its utility against its cost." U.S. ex rel. McBride v. Halliburton Co., 272 F.R.D. 235, 240 (D.D.C. 2011) (citing Fed. R. Civ. P. 26(b)(2)(C)); see also EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process."); Blackrock Allocation Target Shares: Series S Portfolio v. Bank of N.Y. Mellon, No. 14 Civ. 9372, 2018 WL 2215510, at *7 (S.D.N.Y. May 15, 2018) (noting that courts have "significant flexibility and discretion to assess the circumstances of the case and limit discovery accordingly

4

to ensure that the scope and duration of discovery is
reasonably proportional to the value of the requested
information, the needs of the case and the parties'
resources"). The Court is satisfied that Judge Cave's
balancing of these issues was supported by a careful analysis
of the existing discovery, the value of the requested
discovery, and the costs of production.[1]

Nor does the Court find that that Judge Cave applied an
"impossible to sustain" standard. (Objection at 9 (citing
<u>Blackrock</u>, 2018 WL 2215510, at *8 n.13).) It is axiomatic
that "[t]he burden of demonstrating relevance is on the party
seeking discovery." <u>Refco Grp. Ltd., LLC v. Cantor
Fitzgerald, L.P.</u>, No. 13 Civ. 1654, 2014 WL 5420225, at *6
(S.D.N.Y. Oct. 24, 2014). In denying Coventry's motion, Judge
Cave found that Coventry had not shown that the remaining six
custodians "would provide unique, relevant and noncumulative
evidence." (Discovery Order at 13.) Contrary to Coventry's
characterization, Judge Cave did not require it to provide
examples of unique documents; rather, Judge Cave required it
to demonstrate that discovery from these custodians would be

---

[1] The Court likewise finds that the Discovery Order's citation of
<u>Blackrock</u>, 2018 WL 2215510, and <u>Assured</u>, 2013 WL 1195545, was appropriate.
Reliance on this caselaw is not rendered "contrary to law" because the
fact patterns in those cases differ from the fact pattern here.

relevant and nonduplicative. The Court finds this standard consistent with longstanding discovery principles.

Likewise, the Court is not persuaded by Coventry's argument that Judge Cave erred in failing to explain the disparate treatment of two similarly situated custodians -- Barry John and William Simpson. The Discovery Order explains its ruling with respect to these custodians, albeit in general terms, and the Court is satisfied that this explanation is sufficient. (See Discovery Order at 13.)

Because the Discovery Order's ruling with respect to the remaining six custodians was neither "clearly erroneous" nor "contrary to law," this aspect of the Objection is overruled.

B.  MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES

After denying Coventry's motion for a preliminary injunction, this Court indicated that Coventry had failed to answer "threshold factual questions" demonstrating a threat that EEA would dispose of its assets and render itself judgment proof. (See "Reconsideration Order," Dkt. No. 116, at 7-8.) Subsequently, and as relevant here, Coventry served interrogatories on EEA seeking information about its assets and cash transfers.

After providing answers that Coventry deemed unsatisfactory, Coventry moved to compel supplemental

responses. In denying the motion to compel, Judge Cave explained that the interrogatories sought "information that is extraneous to and cumulative of the information that EEA Inc. has already provided," and that Coventry had "not demonstrated how responses to its Interrogatories would reveal how EEA Inc. is purportedly attempting to render itself judgment proof." (Discovery Order at 20.)

The Court finds that this aspect of the Discovery Order is both consistent with the applicable law and not "clearly erroneous." Contrary to Coventry's argument, this Court's Reconsideration Order did not entitle it to unconditionally collect discovery related to EEA's assets. The Court explained instead that the "threshold factual questions" concerned EEA's ability to dispose of its assets and render itself judgment proof. Information about EEA's transfers and a policy-by-policy quantification of the current net asset value of each policy is, as Judge Cave correctly determined, "extraneous."

Moreover, the Court is persuaded that EEA did not waive its relevance argument. (See Dkt. No. 244-1.) And even if EEA's objections to Coventry's requests were "boilerplate," as Coventry insists, purportedly deficient responses do not "automatically grant a party 'carte blanche' to irrelevant

7

discovery." <u>New Falls Corp. v. Soni</u>, No. Civ. 18-2768, 2020 WL 2836790, at *4 (E.D.N.Y. May 29, 2020).

Because the Discovery Order's ruling on Defendants' motion to compel supplemental responses is not "clearly erroneous" or "contrary to law," this aspect of Defendants' Objection is also overruled.

### III. <u>CONCLUSION</u>

For the reasons stated above, defendant Coventry Capital US LLC's objection (Dkt. No. 263) is hereby **OVERRULED**.

**SO ORDERED.**

Dated: New York, New York
       15 March 2021

_____
Victor Marrero
U.S.D.J.