> The Letter-Motion at ECF No. 330 to file the documents at ECF No. 331 under seal is GRANTED. The documents at ECF No. 331 shall remain visible only to the selected parties.
>
> A Telephone Conference is scheduled for **Friday, May 27, 2022 at 10:00 am** on the Court's conference line. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time.
>
> The Clerk of Court is respectfully directed to close the Letter-Motion at ECF No. 330.
>
> SO ORDERED 05/19/2022
>
> *SARAH L. CAVE*
> *United States Magistrate Judge*

BY ECF
Hon. Sarah L. Cave
U.S. Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

      Re: *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, No. 17 Civ. 7417-VM-SLC

      We write respectfully on behalf of Defendant EEA Life Settlements, Inc. ("EEA") to request permission to temporarily file under seal certain portions of EEA's letter motion to reopen the depositions of Reid S. Buerger and Joshua May. EEA makes this request solely to comply with the protective order entered in this case, *see* Dkt. 225, and not because it believes sealing is warranted.

      Under the terms of the operative protective order, "[a]ny person subject to this Order who receives from any other person any 'Discovery Material' (i.e., information of any kind provided in the course of discovery in this action) that is designated as 'Confidential' or 'Highly Confidential — Attorneys' Eyes Only' pursuant to the terms of this Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder." Dkt. 225 ¶ 1.

      Coventry has informed EEA that it has provisionally designated the transcripts from Mr. Buerger's and Mr. May's depositions as confidential. EEA's letter motion describes portions of those transcripts. It also attaches as exhibits excerpts of the deposition transcripts and a letter from Coventry's counsel describing the depositions. EEA does not wish to maintain any of these documents under seal, and does not believe these documents satisfy the Second Circuit's standard for sealing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). But EEA understands the protective order to require it to seek the Court's leave to temporarily file under seal material that Coventry has provisionally designated as confidential.

      EEA further requests that the Court set a schedule by which Coventry may move to maintain the information under seal. EEA intends to oppose any such motion. We thank the Court for considering this letter.

                                               Respectfully submitted,

                                               Caleb Hayes-Deats