UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COVENTRY CAPITAL US LLC,

                              Plaintiff,

          -against-

EEA LIFE SETTLEMENTS, INC., et al.,

                              Defendants.

1:17-cv-07417 (JLR) (SLC)

**MEMORANDUM OPINION
<u>AND ORDER</u>**

JENNIFER L. ROCHON, United States District Judge:

On September 28, 2017, Plaintiff Coventry Capital US LLC ("Coventry" or "Plaintiff")

brought this action against EEA Life Settlements, Inc. ("EEA, Inc."), and individuals Vincent

Piscaer and Hiren Patel (collectively, "Defendants") for engaging in fraud and bad faith with

respect to the potential sale by EEA, Inc. to Coventry of a portfolio of life insurance policies.  *See*

ECF No. 1 ¶¶ 1-2; ECF No. 31.  David Cohen ("Cohen"), an investor in EEA Life Settlements

Fund PCC (the "Fund"), the parent company of EEA, Inc., now seeks to intervene in this action on

behalf of himself and fifty-one other investors (collectively, the "Investors").  *See* ECF No. 388.

For the following reasons, the motion to intervene is DENIED.

## BACKGROUND

Coventry alleges that, in 2017, EEA, Inc. and Coventry entered into an agreement that set

forth the principal terms by which Coventry would purchase a portfolio of life insurance policies

from EEA, Inc., the parties' intention to reach a definitive agreement within that framework, and a

binding obligation to negotiate in good faith.  *See* ECF No. 31 ¶¶ 1, 4.  Coventry claims that EEA,

Inc. scuttled the sale by breaching its binding obligation to negotiate in good faith and engaging in

fraudulent behavior.  *See id.* ¶¶ 4-7.  Coventry alleges that it stands ready to consummate the deal

but "Defendants' pattern of egregious, bad faith conduct—including their insistence that Coventry

Capital purchase fraudulent and void policies, which is tantamount to Defendants refusing to complete any sale, as no rational buyer would knowingly accept such policies—continues to prevent the completion of such a purchase." *Id.* ¶ 7.  Defendants deny these allegations.

Coventry filed suit against Defendants on September 28, 2017.  *See* ECF No. 31.  The parties have been engaged in extensive discovery over the past four years; fact discovery closed in May 2022 and expert discovery closed on December 9, 2022.  *See* ECF Nos. 319, 346.

Cohen filed a letter with the Court on September 16, 2022, on behalf of himself and 51 investors, seeking permission to file a motion to intervene in this case.  *See* ECF No. 359.  The Investors invested in the Fund, a Guernsey entity that wholly owns EEA, Inc., from 2008 to 2011.  *See id.* at 1; ECF No. 389 at 1; ECF No. 404 at 2.  Cohen alleges that "the Fund spent the next decade involved in malfeasance and deception aimed at enriching the managers and avoiding paying back the investors."  ECF No. 359 at 1.  Cohen states that "the Fund is in its 'death throes' and the Portfolio is the final asset the Fund has that can be used to pay back the Investors the money due and owing to them."  *Id.* at 2.  Neither the Fund, nor its directors are parties in the current action.  *See generally* ECF No. 31.

EEA, Inc. and Coventry filed letters opposing Cohen's request on September 20 and 21, 2022, respectively.  *See* ECF Nos. 362, 363.  This case was reassigned to the undersigned on September 22, 2022 and the Court held a status hearing and premotion conference on October 24, 2022.  During the conference, the Court heard argument from the parties and provided Cohen the option of resting on the substantive pre-motion letters or filing a motion with further briefing.  *See* ECF No. 390 at 23-24.  Cohen opted for the latter; a motion and additional briefs from all parties were filed in November and December 2022.  *See* ECF Nos. 389, 402, 404, 415.

## DISCUSSION

### I.  Legal Standard

Cohen moves to intervene as of right pursuant to Federal Rule of Civil Procedure ("Rule") 24(a) as well as under Rule 24(b), the permissive intervention provision.  *See* ECF No. 389 at 1. Rule 24(a) provides that, "[o]n timely motion," a nonparty has the right to intervene if that nonparty "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).  Rule 24(b) provides that the Court may permit a nonparty to intervene, again "[o]n timely motion," if that nonparty "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).

In order to be granted intervention as of right or by permission, "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."  *Floyd v. City of N.Y.*, 770 F.3d 1051, 1057 (2d Cir. 2014) (quoting *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)).  The Second Circuit has "underscored that a 'failure to satisfy *any one* of these four requirements is a sufficient ground to deny the application."  *Id*. (quoting *"R" Best Produce, Inc.*, 467 F.3d at 241) (internal brackets omitted).

Factors to consider in evaluating timeliness include: "(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness."  *Id.*

at 1058 (quoting *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006)).

## II. Analysis

Cohen's motion is untimely and therefore he is not entitled to intervention as of right under Rule 24(a) and the Court will not grant permission under Rule 24(b).  Cohen filed his motion to intervene five years after this action was filed, after fact discovery had concluded, and toward the very end of expert discovery.  *See supra* at 2.  He admits that he knew about the litigation when it was filed in 2017, and was aware of the alleged mismanagement of the Fund prior to the filing of the Complaint in 2017.  *See* ECF No. 390 at 20:13-15; ECF No. 359 at 1.  Cohen's five-year delay in seeking to intervene is unreasonable.  *See, e.g., MasterCard Int'l., Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 381, 390-91 (2d Cir 2006) (affirming denial of motion to intervene because it was untimely filed five months after the intervenor knew of its interest in the litigation); *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001) (denying motion to intervene made one year after intervenor should have known of the threat to its interests); *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232-34 (2d Cir. 1996) (denying intervention motion filed 18 months after applicant knew of interest in litigation).

Cohen does not provide any explanation for why he waited five years to file a motion to intervene.  In his brief he points to a June 2022 disclosure of the 2021 Fund financials and the October 2022 disclosure by Defendants of a plan to delay redemptions as "pieces of information that have made intervention imperative to protect the Intervenor's economic interest in the Portfolio[.]"  ECF No. 389 at 2.  Insofar as Cohen is intimating that this information triggered the intervention motion, the Court is unpersuaded.  Cohen himself acknowledged that the 2021 Fund disclosures are a continuation of the mismanagement that has allegedly been ongoing for a decade.

*See id.* at 3 (stating that the 2021 financials demonstrate that the "Fund managers plan to *continue* to dilute the Fund") (emphasis added).  The October 2022 disclosure regarding redemptions is also a continuation of the alleged mismanagement, and additionally could not have been the triggering event for the intervention motion since that disclosure was *after* Cohen filed his letter seeking to intervene.  *See* ECF No. 359.

Cohen argues that the Court should not find the motion untimely because the non-movants will not be prejudiced by the delay.  *See* ECF No. 389 at 6.  He states that discovery had not concluded when he filed his motion (although his reply brief was filed only seven days before discovery concluded), and in any event, if permitted to intervene, he represents that the Investors would not seek additional discovery and would limit their discovery to that which has already been produced by Plaintiff and Defendants.  *See id.*  Cohen's representations do not ameliorate the prejudice from his belated filing.

Cohen's proposed complaint alleges, among other things, that "the Fund has been plagued with suspect accounting and valuation shenanigans for decades," as a basis for his unjust enrichment claim.  ECF No. 389-3 ¶ 15.  Cohen seeks, among other things, damages and the imposition of a constructive trust.  *See id.* ¶¶ A-D.  It is all well and good that Cohen agrees not to seek additional discovery, but the original parties would likely need to do so.  Coventry asserts that it would likely need discovery from the Investors "given that the Investors intend to request that the entire Portfolio that is the subject of this litigation be placed in a constructive trust of unspecified scope and purpose."  ECF No. 402 at 7.  Defendants would similarly seek discovery given the injection of these broad mismanagement allegations and a claim for monetary damages.  *See* ECF No. 404 at 8.  Litigating the allegations of decades long mismanagement would necessarily significantly delay an action that is at the conclusion of an over four-year discovery

period, prejudicing the original parties to the action.  The proposed complaint would also result in

motion practice into jurisdictional issues and standing issues, as set forth by Defendants, which

would derail an already lengthy litigation with new and separate issues, militating against a finding

of timeliness.  *See Floyd*, 770 F.3d at 1057; ECF No. 390 at 21-22 (counsel for Cohen

acknowledging the possibility of motions to dismiss the intervenor complaint).  In sum, despite

Cohen's representations regarding curtailing the Investors' discovery requests, the Court finds that

intervention by the Investors would unreasonably disrupt the litigation at its late stage, and delay

and prejudice the rights of Plaintiff and Defendants.  *See, e.g.*, *Butler, Fitzgerald & Potter*, 250

F.3d at 182-83 (finding prejudice to nonmovants even though intervenor counsel "told the trial

court it did not wish by its motion to undo any prior matters already resolved in the case").

Plaintiff and Defendants have persuasively distinguished Cohen's interests in this action as

collateral and distinct from the original complaint because Cohen's claims center on an alleged

decade of mismanagement of the Fund, a nonparty here, whereas the Complaint centers on

whether EEA, Inc. can be faulted for not consummating a proposed transaction with Coventry that

was subject to a 2017 contractual obligation to negotiate in good faith.  *See* ECF No. 402 at 4-8;

ECF No. 404 at 4-5, 8; *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc*.,

551 F. Supp.3d 408, 417 n.1 (S.D.N.Y. 2021) (intervention "cannot be used to 'inject collateral

issues into an existing action'" (quoting *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 486-87 (2d Cir.

1992)).  However, because the failure to satisfy any of the four requirements for intervention,

including timeliness, are sufficient grounds to deny the motion, *Floyd*, 770 F. 3d at 1057, and

because Cohen has been so dilatory in filing the motion to intervene, the Court need not address

that factor or the other intervention requirements.  *See NAACP v. New York,* 413 U.S. 345, 365

(1973) ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the

initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.'  If it is

untimely, intervention must be denied."); *Griffin v. Sheeran*, No. 17-cv-05221 (RJS), 2018 WL

11222864, at *2 (S.D.N.Y. June 11, 2018) (denying motion to intervene because it was "clearly

untimely").

**CONCLUSION**

For the foregoing reasons, Cohen's motion to intervene is DENIED as untimely.  The Clerk

of Court is respectfully directed to terminate ECF No. 388.

Dated: January 13, 2023
      New York, New York

                SO ORDERED.

                _____
                JENNIFER L. ROCHON
                United States District Judge