> The parties' letter-motion requesting adjournment of the settlement conference scheduled for February 3, 2023 (ECF No. 426) is GRANTED, and the settlement conference is ADJOURNED sine die.
>
> The Clerk of Court is respectfully directed to close ECF No. 426.
>
> SO ORDERED 01/20/23
>
> *Sarah L. Cave*
> SARAH L. CAVE
> United States Magistrate Judge

January 20, 2023

BY ECF

Hon. Sarah L. Cave
U.S. Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY  10007

Re:  *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, No. 17 Civ. 7417-JLR-SLC

Dear Judge Cave:

The parties write jointly to request an adjournment of the settlement conference currently scheduled for February 3, 2023 until after Judge Rochon rules on the parties' anticipated summary judgment motions.

The parties sincerely appreciate the Court's willingness to prepare for and conduct a settlement conference.  However, we are concerned that mediation right now would not be fruitful. The principal parties have been engaged over the course of the last few months in settlement negotiations.  Despite those efforts, the parties' positions on settlement remain orders of magnitude apart.  That substantial difference derives, at least in part, from the parties' differing views of potentially dispositive issues in the case that may be resolved on summary judgment.

## I. Defendants' Position

Specifically, as Defendant EEA Life Settlements, Inc. previously described in its motion for expedited consideration of summary judgment, it believes that it has strong legal arguments for dismissal of Plaintiff's primary damages claim for lost profits.  *See* Dkt. 351.[1]   Lost-profit damages are unavailable as a matter of law because the four-page letter of intent ("LOI") that the parties entered into was a Type II preliminary agreement, and the parties never agreed to sale terms or performed any portion of the sale.  *Id.*  Judge Marrero denied that motion without prejudice to renewal after expert discovery.  Dkt. 357.  The lost-profit damages Plaintiff asserts, and the corresponding pre-judgment interest, represent tens of millions of dollars.  That is substantially all of Plaintiff's alleged damages.

The Individual Defendants also intend to move for summary judgment on grounds, among others, of lack of personal jurisdiction.  The Individual Defendants are not citizens or residents of the United States, do not own any real or personal property in New York, have no bank accounts in New York, have never had any offices, telephone listings or mailing addresses in New York, have never visited or directed any communications to New York with respect to the LOI or any transaction contemplated by it, and neither the LOI nor any transaction contemplated by it was

---

[1] Defendants Vincent Piscaer and Hiren Patel (the "Individual Defendants") joined that motion for expedited consideration of summary judgment.  *See* Dkt. 355.

performed in New York. Plaintiff has alleged fraud against the Individual Defendants, who were mere employees earning about £90,000 per year, in connection with how certain negotiations of the LOI were handled. Mr. Patel had no material involvement in the potential transaction and Mr. Piscaer was simply doing his job by engaging in a zealous negotiation that did not lead to a formal agreement. Their lives have been hampered for more than five years by these charges, likely brought for aggravation purposes, and they are confident that they will prevail on summary judgment. The Individual Defendants have not been party to any material settlement discussions with Plaintiff. Nevertheless, given the representations made by the principal parties, the Individual Defendants have no objection to the settlement conference being adjourned.

## II.     Plaintiff's Position

Plaintiff Coventry Capital US LLC ("Coventry") concurs in the result only. At this time, Coventry agrees that a settlement conference will not be productive because Defendants have made clear that their valuation of this case differs by orders of magnitude from Coventry's. That disconnect arises for a few reasons. *First*, as set forth in Plaintiff's opposition to EEA, Inc.'s request for early, partial summary judgment on the damages issue it discusses above, EEA, Inc. is incorrect about the legal issue it believes forecloses one of Coventry's multiple damages theories. *See* Dkt. No. 356 at 1–2. In fact, EEA, Inc.'s prior discussion of the topic omitted entire lines of authority that recognize Coventry's damages claim, and the cases EEA, Inc. cited do not support its position. *Id. Second*, the Individual Defendants' arguments about personal jurisdiction lack merit, just as they were when Judge Marrero denied the Individual Defendants' motion to dismiss on that basis. *See* Dkt. No. 43 at 6–7. Discovery has only confirmed that the Individual Defendants are subject to this Court's personal jurisdiction. Indeed, Coventry will move for summary judgment on that issue because there is no evidence based on which a jury could find otherwise. *Third*, the discovery record has confirmed that Coventry has other strong summary judgment arguments that we expect will narrow the issues for trial in its favor, including as to liability and against EEA, Inc.'s counterclaim. For these reasons, Coventry agrees that a settlement conference after Judge Rochon resolves the parties' forthcoming summary-judgment motions will be more productive.

*     *     *

The parties therefore propose that the settlement conference be adjourned until after Judge Rochon rules on the parties' anticipated motions for summary judgment. We do so out of respect for the Court's time, and a desire to make the settlement conference as productive as possible.[2]

---

[2] Should the Court wish to proceed with the settlement conference before summary judgment, Defendant EEA Life Settlements, Inc. has indicated that it is no longer available for the scheduled February 3, 2023 date. The parties followed the instructions in ¶9 of the Court's Standing Order Applicable to Settlement Conferences to request an alternative date for that conference and telephoned chambers on January 19, 2023. The Court's chambers proposed February 28, 2023 or March 1, 2023, but Plaintiff's counsel is not available on those dates. Due to an upcoming trial, Plaintiff's counsel would propose a date in early April.

Hon. Sarah L. Cave — 3 — January 20, 2023

Respectfully yours,

Steven F. Molo
Mark J. Hyland
Kenneth J. Brown