UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COVENTRY CAPITAL US LLC,

                              Plaintiff,

-against-

EEA LIFE SETTLEMENTS, INC., et al.,

                              Defendants.

1:17-cv-07417 (JLR) (SLC)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

    The parties have filed several letter-motions to seal in whole or part their premotion summary judgement letters and exhibits. *See* ECF Nos. 431, 436, 438, 444, 447, 448. For the following reasons, the letter-motions are DENIED in part and GRANTED in part, without prejudice to renewal.

    Plaintiff seeks to seal or redact information, including in documents marked "Confidential" under the Amended Protective Order, that (i) "refer[s] by name to certain insured individuals whose life-insurance policies were part of the portfolio of policies at issue in this case," ECF Nos. 431, 438; or (ii) "contain[s] information involving confidential and commercially sensitive topics concerning Coventry's diligence on life-insurance policies and portfolios it is considering purchasing," ECF Nos. 431, 447. Defendants seek to seal or redact information that (i) "contain[s] commercially sensitive topics relating to the parties' negotiations and valuations of both EEA's portfolio and individual life insurance policies from which confidential information could be derived," ECF Nos. 436, 444, 448; or (ii) "contain[s] confidential medical information of non-party insureds," ECF No. 444; *see* ECF No. 448.

    "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action . . . ." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826

(2d Cir. 1997).  A court must evaluate a request to seal under both a "common law right of public access to judicial documents," and the press and public's "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)).  "If a sealing request cannot survive the common law test, it will not survive scrutiny under the First Amendment test."  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-mc-02542 (VSB), 2023 WL 196134, at *1 (S.D.N.Y. Jan. 17, 2023).

There are three steps for evaluating the common law right of access:  first, determine whether the information to be sealed is a "judicial document" to which the presumption of public access applies; second, determine the "weight of that presumption"; and third, "after determining the weight of the presumption of access, . . . balance competing considerations against it."  *Lugosch*, 435 F.3d at 119-20 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  With respect to the third step, competing considerations may include the "need to protect sensitive commercial information from disclosure to competitors" and "the privacy interests of innocent third parties . . . ."  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *32-33.  However, these considerations "must be concretely and specifically described."  *Id.* at *34.  As the Magistrate Judge held when denying Defendants' motion to seal the Complaint in this case, "[t]he party opposing disclosure [of a judicial document] must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test."  ECF No. 29 at 6 (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)).

Additionally, "the older the information is, the less appropriate it is to seal that information, particularly when the party does not explain with specificity why, despite the passage of time, the information should still be sealed." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *35.

      Here, the parties cite *Lugosch* but do not specifically apply the three-step analysis in their letter-motions. Applying the three-step framework, the Court finds that the parties' sealing requests are not narrowly tailored nor justified under the *Lugosch* standard. With respect to steps one and two, the documents at issue here are "judicial documents" entitled to "a strong presumption of access" because the parties submitted them in connection with their anticipated summary judgment motions. *Lugosch*, 435 F.3d at 121 ("[D]ocuments submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."); *see also Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.").

      With respect to the third step, the parties have failed to show that competing considerations outweigh the strong presumption of access for at least five reasons. First, the parties' letter-motions are perfunctory. The letter-motions do not concretely and specifically describe business interests and harms sufficient to overcome the strong presumption of public access. *See, e.g.*, ECF No. 436 (seeking redaction of quotation from Exhibit 14 on page 3 of Plaintiff's premotion letter without elaboration of why it is sufficiently commercially sensitive). Nor are the purported interests, harms, and sensitive nature of the information clear on the face of each document the parties seek to seal. Without more, the Court declines to speculate that the

information at issue is sufficiently sensitive in nature and tailored to the *Lugosch* standard to be sealed from the public. *See, e.g.*, *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, No. 18-cv-11366 (LLS), 2023 WL 2674742, at *2 (S.D.N.Y. Mar. 29, 2023) (denying request to seal because the parties did not "make a specific on-the-record showing of concrete harm" and "commercially sensitive information . . . is not clear on the face of the[] exhibits"); *Matter of Upper Brook Cos.*, No. 22-mc-00097 (PKC), 2023 WL 172003, at *6 (S.D.N.Y. Jan. 12, 2023) ("The Court declines to speculate about the harm that could result if PIAM's competitors learned of the fees it charged and amounts it shared with third parties. It is PIAM's burden to demonstrate that the information warrants sealing, and it has failed to do so.").

Second, the proposed sealing and redaction requests are overbroad. For instance, Plaintiff seeks to seal in full Exhibits 2, 3, 4, and 5 of its March 16, 2023 premotion letters, yet Plaintiff does not seek to redact quotations of those exhibits in their letter because "the quoted portions do not disclose insureds' information or otherwise sensitive information and so do not require redaction . . . ." ECF No. 438. If information in a document does not require redaction, then the document does not require wholesale sealing. *See, e.g.*, *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) (denying sealing request that was "overbroad because the information contained within those redactions are otherwise included, unredacted, elsewhere in the document").

Third, at least some of the information the parties seek to seal or redact is several years old, and the parties have not shown why this information, even if commercially sensitive years ago, is sufficiently sensitive at this time. *See, e.g.*, ECF Nos. 445-5 (proposed redactions to communications from mid-2017), 445-12 (same); *Matter of Upper Brook Cos.*, 2023 WL 172003, at *6 (denying sealing request where "the underlying invoices and agreements date back

4

several years, and PIAM has not attempted to show that the information is not 'stale' and why disclosure would still cause harm").

Fourth, the information sought to be sealed appears to be central to the instant dispute and, therefore, may be important to understanding the Court's ultimate resolution of the anticipated summary judgment motions. Indeed, the parties chose to highlight and append the information for the Court in their three-page premotion letters. In circumstances like this, courts are particularly "skeptical of sealing information that is commercially sensitive . . . where it is highly relevant to the dispute and by extension, to the public's understanding of the court's decision." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *33.

Fifth, the existence of the Amended Protective Order does not provide sufficient grounds to seal. Rule 4(B)(ii) of the Court's Individual Rules of Practice in Civil Cases provides that, "[i]n general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents." "[T]hat a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *5 (quoting *Doe v. U.S. Immigr. & Customs Enf't*, No. 19-cv-08892 (AJN), 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021)); *see Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015) ("Thus, even if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document."). In sum, the information sought to be sealed is entitled to a strong presumption of

public access, and the parties have not overcome that presumption with respect to most of the information they seek to seal or redact.

The Court does agree with the parties that identifying information, including names and policy numbers, of non-party insureds warrants redaction in order to protect the non-party insureds' privacy and because this information appears to be tangential to the instant dispute. *See, e.g.*, *United States v. King*, No. 10-cr-00122 (JGK), 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012) (sealing personal identifying information of non-party individuals).  However, the parties' proposed redactions regarding the non-party insureds are overbroad.  Although redaction of names and policy numbers is warranted, once the identifying information is redacted, accompanying financial information related to the insureds (which the parties also redacted) does not need to be redacted because it does not identify any non-party specifically or otherwise present sufficient privacy concerns.  Therefore, only the non-party insureds' identifying information, i.e., names and policy numbers, warrants redactions.

Accordingly, the parties' letter-motions to seal are DENIED in part and GRANTED in part, without prejudice to renewal.  Should the parties wish to renew their motions to seal, they shall provide a joint letter-motion by **April 20, 2023**, not to exceed eight pages, and attach the information they seek to redact or seal in accordance with Rules 4(B)(iii)(b)-(c) of the Court's Individual Rules of Practice in Civil Cases.  The letter-motion shall provide sufficient explanation and be more narrowly tailored to the *Lugosch* standard and this Memorandum Opinion and Order.  If no renewed letter-motion is filed by April 20, 2023, the parties shall publicly file an unredacted version of their respective premotion papers by **April 27, 2023**, except that the personal identifying information of non-party insureds should be redacted as set forth herein.

The Clerk of Court is respectfully directed to terminate ECF Nos. 431, 436, 438, 444, 447, 448.

The documents at ECF Nos. 432, 437, 439, 440, and 445 should remain under seal and visible to the Court and parties.

Dated: April 6, 2023
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge